IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| EDWARD SNOWDEN, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| MACMILLAN PUBLISHERS INC., *et al.*, | ) ) | |
| Relief-Defendants. | ) ) | |

# Exhibit A:

# CIA Secrecy Agreements

# SECRECY AGREEMENT

1.  I, _Edward J Snowden_ (print full name), hereby agree to accept as a prior condition of my being employed by, or otherwise retained to perform services for, the Central Intelligence Agency, or for staff elements of the Director of Central Intelligence (hereinafter collectively referred to as the "Central Intelligence Agency"), the obligations contained in this agreement.

2.  I understand that in the course of my employment or other service with the Central Intelligence Agency I may be given access to information or material that is classified or is in the process of a classification determination in accordance with the standards set forth in Executive Order 12958 as amended or superseded, or other applicable Executive order, that if disclosed in an unauthorized manner would jeopardize intelligence activities of the United States Government. I accept that by being granted access to such information or material I will be placed in a position of special confidence and trust and will become obligated to protect the information and/or material from unauthorized disclosure.

3.  In consideration of being employed or otherwise retained to provide services to the Central Intelligence Agency, I hereby agree that I will never disclose in any form or manner, to any person not authorized by the Central Intelligence Agency to receive it, any information or material in either of the following categories:

    a.  information or material received or obtained in the course of my employment or other service with the Central Intelligence Agency that is marked as classified or that I know is classified.

    b.  information or material received or obtained in the course of my employment or other service with the Central Intelligence Agency that I know is in the process of a classification determination.

4.  I understand that it is my responsibility to consult with appropriate management authorities in the component or Directorate that employs me or has retained my services, or with the Central Intelligence Agency's Publications Review Board if I am no longer employed or associated with the Agency, in order to ensure that I know 1) whether information or material within my knowledge or control that I have reason to believe might be in either of the categories set forth in paragraph 3 is considered by the Central Intelligence Agency to fit in either of those categories; and 2) whom the Agency has authorized to receive such information or material.

5.  As a further condition of the special confidence and trust reposed in me by the Central Intelligence Agency, I hereby agree to submit for review by the Central Intelligence Agency any writing or other preparation in any form, including a work of fiction, which contains any mention of intelligence data or activities, or contains any other information or material that might be based on either of the categories set forth in paragraph 3, that I contemplate disclosing publicly or that I have actually prepared for public disclosure, either during my employment or other service with the Central Intelligence Agency or at any time thereafter, prior to discussing it with or showing it to anyone who is not authorized to have access to the categories set forth in paragraph 3. I further agree that I will not take any steps towards public disclosure until I have received written permission to do so from the Central Intelligence Agency.

6.  I understand that the purpose of the review described in paragraph 5 is to give the Central Intelligence Agency an opportunity to determine whether the information or material that I contemplate disclosing publicly contains any information or material that I have agreed not to disclose. I further understand that the Agency will act upon my submission and make a response to me within a reasonable period of time. I further understand that if I dispute the Agency's initial determination on the basis that the information or material in question derives from public sources, I may be called upon to specifically identify such sources. My failure or refusal to do so may by itself result in denial of permission to publish or otherwise disclose the information or material in dispute.

7.  I understand that all information or material that I may acquire in the course of my employment or other service with the Central Intelligency Agency that fits either of the categories set forth in paragraph 3 of this agreement are and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law. I agree to surrender anything constituting, containing or reflecting such information or material upon demand by an appropriate official of the Central Intelligence Agency, or upon conclusion of my employment or other service with the Central Intelligence Agency.

8.  I agree to notify the Central Intelligence Agency immediately in the event that I am called upon by judicial or congressional authorities, or by specially established investigatory bodies of the executive branch, to testify about, or provide, information or material that I have agreed herein not to disclose. In any communication with any such authority or body, I shall observe all applicable rules or procedures for ensuring that such information and/or material is handled in a secure manner.

9.  I understand that nothing contained in this agreement prohibits me from reporting intelligence activities that I consider to be unlawful or improper directly to the Intelligence Oversight Board established by the President, or to any successor body that the President may establish, or to the Select Committee on Intelligence of the House of Representatives or the Senate. I recognize that there are also established procedures for bringing such matters to the attention of the Agency's Inspector General or to the Director of Central Intelligence. In making any report referred to in this paragraph, I will observe all applicable rules or procedures for ensuring the secure handling of any information or material that may be involved. I understand that any such information or material continues to be subject to this agreement for all other purposes and that such reporting does not constitute public disclosure or declassification of that information or material.

10. I understand that any breach of this agreement by me may result in the Central Intelligence Agency taking administrative action against me, which can include temporary loss of pay or termination of my employment or other service with the Central Intelligence Agency. I also understand that if I violate the terms of this agreement, the United States Government may institute a civil proceeding to seek compensatory damages or other appropriate relief. Further, I understand that the disclosure of information that I have agreed herein not to disclose can, in some circumstances, constitute a criminal offense.

11. I understand that the United States Government may, prior to any unauthorized disclosure that is threatened by me, choose to apply to any appropriate court for an order enforcing this agreement. Nothing in this agreement constitutes a waiver on the part of the United States to institute a civil or criminal proceeding for any breach in this agreement by me. Nothing in this agreement constitutes a waiver on my part of any possible defenses I may have in connection with either civil or criminal proceedings that may be brought against me.

12. In addition to any other remedy to which the United States Government may become entitled, I hereby assign to the United States Government all rights, title, and interest in any and all royalties, renumerations and emoluments that have resulted or will result or may result from any divulgence, publication or revelation of information or material by me that is carried out in breach of paragraph 5 of this agreement or that involves information or material prohibited from disclosure by the terms of this agreement.

13. I understand and accept that, unless I am provided a written release from this agreement or any portion of it by the Director of Central Intelligence or the Director's representative, all the conditions and obligations accepted by me in this agreement apply both during my employment or other service with the Central Intelligence Agency, and at all times thereafter.

14. I understand that the purpose of this agreement is to implement the responsibilities of the Director of Central Intelligence, particularly the responsibility to protect intelligence sources and methods, as specified in the National Security Act of 1947, as amended.

15. These restrictions are consistent with and do not supersede conflict with or otherwise alter the employee obligations rights or liabilities created by Executive Order 12958, section 7211 of title 5, United States Code (governing disclosures to Congress); section 1034 of title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the Military); section 2302(b)(8) of title 5, United States Code, as amended by the Whistleblower Protection Act (governing disclosures of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C., 421 et seq.)(governing disclosures that could expose confidential Government agents), and the statutes which protect against disclosure that may compromise the national security, including section 641, 793, 794, 798, and 952 of title 18, United States Code, and section 4(b) of the Subversive Activities Act of 1950 (50 U.S.C. section 783(b)). The definitions, requirements, obligation, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this Agreement and are controlling.

16. I understand that nothing in this agreement limits or otherwise affects any provision of criminal or other law that may be applicable to the unauthorized disclosure of classified information, including the espionage laws (sections 793, 794 and 798 of title 18, United States Code) and the Intelligence Identities Protection Act of 1982 (P.L. 97-200; 50 U.S.C., 421 et seq.).

17. Each of the numbered paragraphs and lettered subparagraphs of this agreement is severable. If a court should find any of the paragraphs or subparagraphs of this agreement to be unenforceable, I understand that all remaining provisions will continue in full force.

18. I make this agreement in good faith and with no purpose of evasion.

19. This agreement shall be interpreted under and in conformance with the law of the United States.

_____
Signature

November 22 2005
_____
Date

The execution of this agreement was witnessed by the undersigned, who accepted it on behalf of the Central Intelligence Agency as a prior condition of the employment or other service of the person whose signature appears above.

WITNESS AND

_____
Signature

_____
Printed Name

November 22 2005
_____
Date

Page 2 of 2 Pages

# SECRECY AGREEMENT

1. I, *Edward Joseph Snowden* (print full name), hereby agree to accept as a prior condition of my being employed by, or otherwise retained to perform services for, the Central Intelligence Agency, or for staff elements of the Director, Central Intelligence (hereinafter collectively referred to as the "Central Intelligence Agency"), the obligations contained in this agreement.

2. I understand that in the course of my employment or other service with the Central Intelligence Agency I may be given access to information or material that is classified or is in the process of a classification determination in accordance with the standards set forth in Executive Order 12958 as amended or superseded, or other applicable Executive order, that if disclosed in an unauthorized manner would jeopardize intelligence activities of the United States Government. I accept that by being granted access to such information or material I will be placed in a position of special confidence and trust and will become obligated to protect the information and/or material from unauthorized disclosure.

3. In consideration of being employed or otherwise retained to provide services to the Central Intelligence Agency, I hereby agree that I will never disclose in any form or manner, to any person not authorized by the Central Intelligence Agency to receive it, any information or material in either of the following categories:

   a. information or material received or obtained in the course of my employment or other service with the Central Intelligence Agency that is marked as classified or that I know is classified.

   b. information or material received or obtained in the course of my employment or other service with the Central Intelligence Agency that I know is in the process of a classification determination.

4. I understand that it is my responsibility to consult with appropriate management authorities in the component or Directorate that employs me or has retained my services, or with the Central Intelligence Agency's Publications Review Board if I am no longer employed or associated with the Agency, in order to ensure that I know 1) whether information or material within my knowledge or control that I have reason to believe might be in either of the categories set forth in paragraph 3 is considered by the Central Intelligence Agency to fit in either of those categories; and 2) whom the Agency has authorized to receive such information or material.

5. As a further condition of the special confidence and trust reposed in me by the Central Intelligence Agency, I hereby agree to submit for review by the Central Intelligence Agency any writing or other preparation in any form, including a work of fiction, which contains any mention of intelligence data or activities, or contains any other information or material that might be based on either of the categories set forth in paragraph 3, that I contemplate disclosing publicly or that I have actually prepared for public disclosure, either during my employment or other service with the Central Intelligence Agency or at any time thereafter, prior to discussing it with or showing it to anyone who is not authorized to have access to the categories set forth in paragraph 3. I further agree that I will not take any steps towards public disclosure until I have received written permission to do so from the Central Intelligence Agency.

6. I understand that the purpose of the review described in paragraph 5 is to give the Central Intelligence Agency an opportunity to determine whether the information or material that I contemplate disclosing publicly contains any information or material that I have agreed not to disclose. I further understand that the Agency will act upon my submission and make a response to me within a reasonable period of time. I further understand that if I dispute the Agency's initial determination on the basis that the information or material in question derives from public sources, I may be called upon to specifically identify such sources. My failure or refusal to do so may by itself result in denial of permission to publish or otherwise disclose the information or material in dispute.

7. I understand that all information or material that I may acquire in the course of my employment or other service with the Central Intelligency Agency that fits either of the categories set forth in paragraph 3 of this agreement are and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law. I agree to surrender anything constituting, containing or reflecting such information or material upon demand by an appropriate official of the Central Intelligence Agency, or upon conclusion of my employment or other service with the Central Intelligence Agency.

8. I agree to notify the Central Intelligence Agency immediately in the event that I am called upon by judicial or congressional authorities, or by specially established investigatory bodies of the executive branch, to testify about, or provide, information or material that I have agreed herein not to disclose. In any communication with any such authority or body, I shall observe all applicable rules or procedures for ensuring that such information and/or material is handled in a secure manner.

9. I understand that nothing contained in this agreement prohibits me from reporting intelligence activities that I consider to be unlawful or improper directly to the Intelligence Oversight Board established by the President, or to any successor body that the President may establish, or to the Select Committee on Intelligence of the House of Representatives or the Senate. I recognize that there are also established procedures for bringing such matters to the attention of the Agency's Inspector General or to the Director, Central Intelligence. In making any report referred to in this paragraph, I will observe all applicable rules or procedures for ensuring the secure handling of any information or material that may be involved. I understand that any such information or material continues to be subject to this agreement for all other purposes and that such reporting does not constitute public disclosure or declassification of that information or material.

10. I understand that any breach of this agreement by me may result in the Central Intelligence Agency taking administrative action against me, which can include temporary loss of pay or termination of my employment or other service with the Central Intelligence Agency. I also understand that if I violate the terms of this agreement, the United States Government may institute a civil proceeding to seek compensatory damages or other appropriate relief. Further, I understand that the disclosure of information that I have agreed herein not to disclose can, in some circumstances, constitute a criminal offense.

11. I understand that the United States Government may, prior to any unauthorized disclosure that is threatened by me, choose to apply to any appropriate court for an order enforcing this agreement. Nothing in this agreement constitutes a waiver on the part of the United States to institute a civil or criminal proceeding for any breach in this agreement by me. Nothing in this agreement constitutes a waiver on my part of any possible defenses I may have in connection with either civil or criminal proceedings that may be brought against me.

12. In addition to any other remedy to which the United States Government may become entitled, I hereby assign to the United States Government all rights, title, and interest in any and all royalties, renumerations and emoluments that have resulted or will result or may result from any divulgence, publication or revelation of information or material by me that is carried out in breach of paragraph 5 of this agreement or that involves information or material prohibited from disclosure by the terms of this agreement.

13. I understand and accept that, unless I am provided a written release from this agreement or any portion of it by the Director, Central Intelligence or the Director's representative, all the conditions and obligations accepted by me in this agreement apply both during my employment or other service with the Central Intelligence Agency, and at all times thereafter.

14. I understand that the purpose of this agreement is to implement the responsibilities of the Director, Central Intelligence, particularly the responsibility to protect intelligence sources and methods, as specified in the National Security Act of 1947, as amended.

15. These restrictions are consistent with and do not supersede conflict with or otherwise alter the employee obligations rights or liabilities created by Executive Order 12958, section 7211 of title 5, United States Code (governing disclosures to Congress); section 1034 of title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the Military); section 2302(b)(8) of title 5, United States Code, as amended by the Whistleblower Protection Act (governing disclosures of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C., 421 et seq.)(governing disclosures that could expose confidential Government agents), and the statutes which protect against disclosure that may compromise the national security, including section 641, 793, 794, 798, and 952 of title 18, United States Code, and section 4(b) of the Subversive Activities Act of 1950 (50 U.S.C. section 783(b)). The definitions, requirements, obligation, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this Agreement and are controlling.

16. I understand that nothing in this agreement limits or otherwise affects any provision of criminal or other law that may be applicable to the unauthorized disclosure of classified information, including the espionage laws (sections 793, 794 and 798 of title 18, United States Code) and the Intelligence Identities Protection Act of 1982 (P.L. 97-200; 50 U.S.C., 421 et seq.).

17. Each of the numbered paragraphs and lettered subparagraphs of this agreement is severable. If a court should find any of the paragraphs or subparagraphs of this agreement to be unenforceable, I understand that all remaining provisions will continue in full force.

18. I make this agreement in good faith and with no purpose of evasion.

19. This agreement shall be interpreted under and in conformance with the law of the United States.

_____
Signature

August 28 2006
Date

The execution of this agreement was witnessed by the undersigned, who accepted it on behalf of the Central Intelligence Agency as a prior condition of the employment or other service of the person whose signature appears above.

WITNESS AND ACCEPTANCE:

_____
Signature

_____
Printed Name

August 28 2006
Date

Page 2 of 2 Pages

SECRECY AGREEMENT

1. I, _Edward Joseph Snowden_ (print full name), hereby agree to accept as a prior condition of my being employed by, or otherwise retained to perform services for, the Central Intelligence Agency, or for staff elements of the Director of Central Intelligence (hereinafter collectively referred to as the "Central Intelligence Agency"), the obligations contained in this agreement.

2. I understand that in the course of my employment or other service with the Central Intelligence Agency I may be given access to information or material that is classified or is in the process of a classification determination in accordance with the standards set forth in Executive Order 12356 as amended or superseded, or other applicable Executive order, that if disclosed in an unauthorized manner would jeopardize intelligence activities of the United States Government. I accept that by being granted access to such information or material I will be placed in a position of special confidence and trust and become obligated to protect the information and/or material from unauthorized disclosure.

3. In consideration for being employed or otherwise retained to provide services to the Central Intelligence Agency, I hereby agree that I will never disclose in any form or any manner, to any person not authorized by the Central Intelligence Agency to receive it, any information or material in either of the following categories:

a. information or material received or obtained in the course of my employment or other service with the Central Intelligence Agency that is marked as classified, or that I know is classified;

b. information or material received or obtained in the course of my employment or other service with the Central Intelligence Agency that I know is in the process of a classification determination.

4. I understand that it is my responsibility to consult with appropriate management authorities in the component or Directorate that employs me or has retained my services, or with the Central Intelligence Agency's Publications Review Board if I am no longer employed by or associated with the Agency, in order to ensure that I know: 1) whether information or material within my knowledge or control that I have reason to believe might be in either of the categories set forth in paragraph 3 is considered by the Central Intelligence Agency to fit in either of those categories; and 2) whom the Agency has authorized to receive such information or material.

5. As a further condition of the special confidence and trust reposed in me by the Central Intelligence Agency, I hereby agree to submit for review by the Central Intelligence Agency any writing or other preparation in any form, including a work of fiction, which contains any mention of intelligence data or activities, or contains any other information or material that might be based upon either of the categories set forth in paragraph 3, that I contemplate disclosing publicly or that I have actually prepared for public disclosure, either during my employment or other service with the Central Intelligence Agency or at any time thereafter, prior to discussing it with or showing it to anyone who is not authorized to have access to the categories set forth in paragraph 3. I further agree that I will not take any steps toward public disclosure until I have received written permission to do so from the Central Intelligence Agency.

6. I understand that the purpose of the review described in paragraph 5 is to give the Central Intelligence Agency an opportunity to determine whether the information or material that I contemplate disclosing publicly contains any information or material that I have agreed not to disclose. I further understand that the Agency will act upon my submission and make a response to me within a reasonable time. I further understand that if I dispute the Agency's initial determination on the basis that the information or material in question derives from public sources, I may be called upon to specifically identify such sources. My failure or refusal to do so may by itself result in denial of permission to publish or otherwise disclose the information or material in dispute.

7. I understand that all information or material that I may acquire in the course of my employment or other service with the Central Intelligence Agency that fits either of the categories set forth in paragraph 3 of this agreement are and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law. I agree to surrender anything constituting, containing or reflecting such information or material upon demand by an appropriate official of the Central Intelligence Agency, or upon the conclusion of my employment or other service with the Central Intelligence Agency.

8. I agree to notify the Central Intelligence Agency immediately in the event that I am called upon by judicial or congressional authorities, or by specially established investigatory bodies of the executive branch, to testify about, or provide, information or material that I have agreed herein not to disclose. In any communication with any such authority or body, I shall observe all applicable rules or procedures for ensuring that such information and/or material is handled in a secure manner.

9. I understand that nothing contained in this agreement prohibits me from reporting intelligence activities that I consider to be unlawful or improper directly to the Intelligence Oversight Board established by the President, or to any successor body that the President may establish, or to the Select Committee on Intelligence of the House of Representatives or the Senate. I recognize that there are also established procedures for bringing such matters to the attention of the Agency's Inspector General or to the Director of Central Intelligence. In making any report referred to in this paragraph, I will observe all applicable rules or procedures for ensuring the secure handling of any information or material that may be involved. I understand that any such information or material continues to be subject to this agreement for all other purposes and that such reporting does not constitute public disclosure or declassification of that information or material.

FORM 368  OBSOLETE PREVIOUS
10-91      EDITIONS
REV.

10. ... administrative action against me, which can include temporary loss of pay or termination of my employment or other service with the Central Intelligence Agency. I also understand that if I violate the terms of this agreement, the United States Government may institute a civil proceeding to seek compensatory damages or other appropriate relief. Further, I understand that the disclosure of information that I have agreed herein not to disclose can, in some circumstances, constitute a criminal offense.

11. I understand that the United States Government may, prior to any unauthorized disclosure that is threatened by me, choose to apply to any appropriate court for an order enforcing this agreement. Nothing in this agreement constitutes a waiver on the part of the United States to institute a civil or criminal proceeding for any breach of this agreement by me. Nothing in this agreement constitutes a wavier on my part of any possible defenses I may have in connection with either civil or criminal proceedings that may be brought against me.

12. In addition to any other remedy to which the United States Government may become entitled, I hereby assign to the United States Government all rights, title, and interest in any and all royalties, remunerations, and emoluments that have resulted or will result or may result from any divulgence, publication or revelation of information or material by me that is carried out in breach of paragraph 5 of this agreement or that involves information or material prohibited from disclosure by the terms of this agreement.

13. I understand and accept that, unless I am provided a written release from this agreement or any portion of it by the Director of Central Intelligence or the Director's representative, all the conditions and obligations accepted by me in this agreement apply both during my employment or other service with the Central Intelligence Agency, and at all times thereafter.

14. I understand that the purpose of this agreement is to implement the responsibilities of the Director of Central Intelligence, particularly the responsibility to protect intelligence sources and methods, as specified in the National Security Act of 1947, as amended.

15. These restrictions are consistent with and do not supersede conflict with or otherwise alter the employee obligations rights or liabilities created by Executive Order 12356; section 7211 of title 5, United States Code (governing disclosures to Congress); section 1034 of title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the Military); section 2302(b)(8) of title 5, United States Code, as amended by the Whistleblower Protection Act (governing disclosures of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C., 421 *et seq.*) (governing disclosures that could expose confidential Government agents), and the statutes which protect against disclosure that may compromise the national security, including section 641, 793, 794, 798, and 952 of title 18, United States Code, and section 4(b) of the Subversive Activities Act of 1950 (50 U.S.C. section 783(b)). The definitions, requirements, obligations, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this Agreement and are controlling.

16. I understand that nothing in this agreement limits or otherwise affects any provision of criminal or other law that may be applicable to the unauthorized disclosure of classified information, including the espionage laws (sections 793, 794 and 798 of Title 18, United States Code) and the Intelligence Identities Protection Act of 1982 (P.L. 97-200; 50 U.S.C., 421 *et seq.*).

17. Each of the numbered paragraphs and lettered subparagraphs of this agreement is severable. If a court should find any of the paragraphs or subparagraphs of this agreement to be unenforceable, I understand that all remaining provisions will continue in full force.

18. I make this agreement in good faith, and with no purpose of evasion.

19. This agreement shall be interpreted under and in conformance with the law of the United States.

_____
Signature

16 APR 2009
_____
Date

The execution of this agreement was witnessed by the undersigned, who accepted it on behalf of the Central Intelligence Agency as a prior condition of the employment or other service of the person whose signature appears above.

**WITNESS AND ACCEPTANCE:**

_____
Signature

_____
Printed Name

16 APN 04
_____
Date