IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SNOWDEN,<br><br>Defendant,<br><br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC<br>d/b/a HENRY HOLT AND COMPANY, *et al.*,<br><br>Relief-Defendants. | Case No. 1:19-cv-1197-LO-TCB |

**STIPULATION AND PROTECTIVE ORDER**

Plaintiff United States of America ("Plaintiff" or the "Government") and Relief-Defendant Macmillan Publishing Group, LLC d/b/a Henry Holt and Company ("Henry Holt"), by and through their respective counsel of record in the above-captioned matter, hereby stipulate to the entry of this Stipulation and Protective Order ("Order").

1. **PURPOSES AND LIMITATIONS**

In the above-captioned action, Plaintiff United States does not assert any independent claims against the Relief-Defendants, but names the Relief-Defendants as nominal defendants only, for purposes of according complete relief among the existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). However, Plaintiff and Henry Holt acknowledge that disclosure and discovery activity related to the appropriate remedy for Plaintiff's claims in this litigation may be necessary

between the Plaintiff and Henry Holt, and that such disclosure and discovery activity may include production by Henry Holt of business, proprietary or private information (described in Section 5 below) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Thus, this Order is warranted and required to prevent and/or limit disclosure of such information and/or documents that have been and may be exchanged and/or produced in this case. The Plaintiff and Henry Holt further acknowledge that this Order does not apply to any other information, nor confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment as described in Section 5 below and under the applicable legal principles. The Plaintiff and Henry Holt further acknowledge, as set forth in Section 7.4 below, that this Protective Order does not entitle them to file information subject to this Stipulation and Protective Order under seal; Local Civil Rule 5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

2.1 **Party.** Any party to this action, including that party's counsel, consultants, and retained experts.

2.2 **Non-Party.** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.3 **Disclosure or Discovery Material.** All items or information regardless of the medium or manner generated, stored or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated by Henry Holt, either

2

through voluntary disclosures, or responses to discovery (including responses to third-party subpoenas) or other requests for documentation in this matter.

**2.4** **PROTECTED Material.** "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "PROTECTED" Information or Items as provided in Section 5 of this Stipulation and Protective Order.

**2.5** **Receiving Party.** A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

**2.6** **Producing Party.** A Party or Non-Party that produces Disclosure or Discovery Material in this case.

**2.7** **Designating Party.** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "PROTECTED" Information or Items.

**2.8** **Expert.** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or her/its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**3.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a

Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at any trial shall be governed by a separate agreement or order. Nothing in the Order shall be construed as requiring disclosure of documents, information, or any other materials.

4. **DURATION**

This Order shall apply from the time it is entered, and shall survive the termination of this litigation. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1   Criteria for Designation. A Designating Party may designate material as "PROTECTED" in accordance with Section 2.4 above if the party reasonably believes that the material contains confidential technical, research or development information; confidential commercial, financial, budgeting or accounting information; confidential information about customers; confidential marketing or branding studies; confidential publishing agreements or

licensing agreements; confidential business strategies, decisions and/or negotiations, and/or pricing; and/or confidential information relating to affiliates, parents, subsidiaries of the parties to this action and/or to third parties with whom the parties to this action and/or affiliates, parents, or subsidiaries of parties to this action have had business relationships. The designation of "PROTECTED" Material shall be made in good faith, and no Designating Party shall designate material as Protected Material without a reasonable and good faith belief that such designation is appropriate.

**5.2** **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**5.3** **Manner and Timing of Designations.** The designation of Protected Material shall be performed in the following manner:

(a) **For information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "PROTECTED" at the top or bottom of each page that contains Protected Material.

(b) **For testimony given in deposition or in other pre-trial proceedings**, testimony transcripts, testimony exhibits, and video recordings shall be treated as PROTECTED for thirty (30) days after receipt of the final transcript to allow time for

designation of Protected Material. The Designating Party shall designate and specify any portions of the testimony that qualify as "PROTECTED" in writing to all parties. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days after receipt of the transcript that the entire transcript, or a portion thereof, shall be treated as "PROTECTED."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements.

**(c)** **For information produced in some form other than documentary, and for any other tangible items**, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "PROTECTED." If only portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

**5.4** **Inadvertent Failure to Designate or Disclosure.** Pursuant to Fed. R. Evid. 502(d), an inadvertent failure to designate qualified information or items as "PROTECTED" does not waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "PROTECTED" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** **CHALLENGING OTHER PARTY'S DESIGNATION**

**6.1    Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2    Meet and Confer.** If a Party contends that any material is not entitled to "PROTECTED" treatment, such Party may give written notice to the Party or Non-Party who designated the material as "PROTECTED." The parties shall first try to resolve such dispute in good faith on an informal basis within fourteen (14) days of service of the written notice described above.

**6.3    Judicial Intervention.** If the dispute cannot be resolved within fourteen (14) days of the written notice described above, the Party or Non-Party who challenges the designation of "PROTECTED" may then move the Court for an order removing the "PROTECTED" designation from the material. Each such motion should include a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The material shall continue to be treated as "PROTECTED" until that motion is decided by the Court.

**6.4    Burden.** In all cases in which judicial intervention is sought for an order removing the "PROTECTED" designation from any material so designated, the Designating Party shall have the burden of persuasion to demonstrate that the material designated as "PROTECTED" is deserving of that designation under this Protective Order, the Federal Rules of Civil Procedure, or other applicable law. The designation of particular material as "PROTECTED" does not create any presumption that the material so designated is in fact

deserving of such protection, nor does it limit the Challenging Party's ability to argue that any confidentiality protections have been forfeited by waiver or for any other reason.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles.** A Receiving Party may only use Protected Material that is disclosed or produced by a Party or Non-Party in connection with this case for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the Court and to the categories of persons described in this Order as permitted to be provided with the Protected Material. When the litigation has been concluded, a Receiving Party shall comply with the provisions of Section 11 below.

Counsel for a Receiving Party which provides Protected Material to a permitted person specified below shall maintain a copy of the signed Exhibit A ("Acknowledgment and Agreement to Be Bound").

**7.2    Persons to Whom "PROTECTED" Information May Be Disclosed.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, Protected Material designated as "PROTECTED" by a Designating Party may be disclosed only to the following persons:

    **(a)**    the Court and its personnel, including court reporters;

    **(b)**    the Receiving Party's Counsel in this action, as well as supervisory officials, employees and contractors of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    **(c)**    the Receiving Party (where the party is a natural person), or officers, directors, in-house counsel, and employees and contractors of the Receiving Party to

whom disclosure is reasonably necessary for this litigation (where the party is a business or government entity);

    **(d)**    experts (as defined above) who have been retained to assist in preparation of this action for trial, and only after execution by that person of the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    **(e)**    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    **(f)**    any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by that person;

    **(g)**    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

**7.3**    **Duty to Maintain "Protected Material" Securely.** Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

**7.4**    **Presentation of Protected Material To Court.** The parties shall make a good faith effort to avoid unnecessarily filing documents or revealing Protected Material in the public record. Before filing any Protected Material under seal with the Court, the filing Party shall consult with the Designating Party to determine whether, with the consent of the Designating

Party, the document or a redacted version of the document may be filed with the Court not under seal. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue, as set forth in Local Civil Rule 5. If the Court declines to permit specific Protected Material to be filed under seal, that Protected Material may then be filed in the public record unless otherwise instructed by the Court.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "PROTECTED," the Receiving Party must so notify the Designating Party, in writing within a reasonable time period after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Designating Party timely seeks a protective order in the separate action, the Party served with the subpoena or court order shall not produce any information designated in this action as "PROTECTED" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party

shall bear the burden and expense of seeking protection in that court of its protected material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Designating Party reserves all rights against the Receiving Party for its violations. In the event any Party or Non-Party violates or threatens to violate any term of this Order, any Party may seek immediate injunctive relief against any such Party or Non-Party violating or threatening to violate any term of this Order.

10. **MISCELLANEOUS**

   **10.1 Right to Further Relief.** Nothing in this Order abridges the right of any person or party to seek its modification by the Court in the future. Each Party expressly acknowledges that such modifications may be necessary. Further, each Party expressly acknowledges that written modifications to this Order approved by the parties may be necessary as the case goes forward.

   **10.2 Enforcement.** Each Party or person bound by this Order, including all those who have executed Exhibit A, agrees that the United States District Court for the Eastern District of Virginia has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues

beyond the date this matter is concluded. The United States District Court for the Eastern District of Virginia shall retain jurisdiction over all parties and persons who have received Protected Material for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance as the Court shall determine. Should a dispute materialize concerning whether a person was improperly provided Protected Material, the Party in possession of Exhibit A for that person shall provide it to the complaining party upon five (5) court days written notice.

**10.3 Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. The parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion, or to argue that any Party waived its objections to produce any particular documents or information. Nor does this requested Protective Order imply that any discovery is necessary or appropriate in this action, including without limitation with respect to liability issues on Plaintiff's claims.

**10.4 Effective Without Court Order.** The parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the parties, by the Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) calendar days after the final disposition of this action, as defined in Section 4, each person who has received Protected Material under Section 7.2(d)-(g) must return all Protected Material to the Producing Party or certify in writing that all Protected Material has been destroyed. As used in

this subdivision, all Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, any such person must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that affirms that the person has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

It is SO ORDERED.

DATED: _____    _____
                                   Hon. Theresa C. Buchanan
                                   United States Magistrate Judge

WE ASK THAT THIS ORDER BE ENTERED:

DATED: _____, 2019    JOSEPH H. HUNT
                           Assistant Attorney General

                           G. ZACHARY TERWILLIGER
                           United States Attorney

                           JAMES M. BURNHAM
                           Deputy Assistant Attorney General

                           ALEXANDER K. HAAS
                           Director, Federal Programs Branch

                           ANTHONY J. COPPOLINO
                           Deputy Director, Federal Programs Branch

                           DANIEL SCHWEI
                           Senior Trial Counsel
                           ANTONIA KONKOLY
                           Trial Attorney
                           United States Department of Justice

Civil Division, Federal Programs Branch
1100 L St. NW, Room 12024
Washington, DC 20530
Tel.: (202) 305-8693
Fax: (202) 616-8470
Email: daniel.s.schwei@usdoj.gov


/s/
_____
R. TRENT MCCOTTER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3845
Fax: (703) 299-3983
Email: trent.mccotter@usdoj.gov

*Counsel for the United States*


DATED: 10/29, 2019

_____
Elizabeth A. McNamara (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st floor
New York, New York 10020
Tel: (212) 489-8230
Fax: (212) 489-8340
Email: elizabethmcnamara@dwt.com

Daniel Reing (VA Bar Number 73348)
Eric Feder (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave NW
Washington, DC 20006

*Attorneys for Relief-Defendant Macmillan Publishing Group, LLC d/b/a Henry Holt and Company*

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Eastern District of Virginia on

_____, 2019 in the case of *United States v. Snowden*, Case No. 1:19-cv-1197-LO-TCB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcing the terms of this Stipulation and Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____