IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SNOWDEN,<br><br>Defendant,<br><br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC<br>d/b/a HENRY HOLT AND COMPANY,<br><br>VERLAGSGRUPPE GEORG VON<br>HOLTZBRINCK GMBH a/k/a<br>HOLTZBRINCK PUBLISHING GROUP,<br><br>HIM HOLTZBRINCK 37 GMBH,<br><br>Relief-Defendants. | Case No. 1:19-cv-1197-LO-TCB |

## AGREED ORDER

In this lawsuit, Plaintiff United States of America seeks to recover, among other things, all proceeds earned by Defendant Edward Snowden (and/or his agents, assigns, or others acting on his behalf) deriving from Snowden's book *Permanent Record*, which the United States alleges was published in violation of Snowden's secrecy agreements. Also named in this lawsuit as Relief-Defendants are three companies: Macmillan Publishing Group, LLC d/b/a Henry Holt and Company ("Henry Holt"); Verlagsgruppe Georg Von Holtzbrinck GmbH a/k/a Holtzbrinck Publishing Group ("VGH"); and HIM Holtzbrinck 37 GmbH ("HIM 37") (collectively, the

-1-

"Relief-Defendants"). The Relief-Defendants are referred to in the Amended Complaint as "Publisher Relief-Defendants." *See* Am. Compl. (ECF No. 15) ¶ 9.

This Agreed Order is entered into between and on behalf of the United States and Henry Holt, which hereby represents as follows: Henry Holt is the publisher of Snowden's book *Permanent Record* in the United States, as a licensee of HIM 37, which entered into a publishing agreement with Snowden.

As a result of Snowden's contract with HIM 37, Snowden (and/or his agents, assignees, or others acting on his behalf) have earned, and may continue to earn, monetary proceeds stemming from the sale and publication of *Permanent Record*. The United States alleged in the Amended Complaint that those proceeds properly belong to the United States. *See, e.g.*, Am. Compl. ¶ 70. Snowden, however, currently resides in Russia. *See id.* ¶¶ 5, 78.

In the Amended Complaint, the United States' prayer for relief included a request for "a temporary restraining order and preliminary injunction freezing all assets in the Publisher Relief-Defendants' possession relating to *Permanent Record* that belong to Snowden or his agents, assignees, or others acting on his behalf; prohibiting transfer or encumbrance of any of those assets; and requiring production of all contracts between the Publisher Relief-Defendants and Snowden (and/or his agents, assignees, or others acting on his behalf), as well as an accounting of all proceeds earned by *Permanent Record*, a description of all persons and entities with financial interests relating to *Permanent Record* and the nature of those interests, and a description of the process of disbursing funds to Snowden (and/or his agents, assignees, or others acting on his behalf)[.]" Am. Compl., Prayer for Relief, ¶ G.

After filing this lawsuit, Henry Holt represented and committed to the United States that, as it was not a party to any agreement with Snowden, it would not, prior to April 1, 2020, disburse

any funds to Snowden—and/or his agents, assigns, or others acting on his behalf—earned in connection with *Permanent Record* that had not already been disbursed prior to the initiation of this action. Henry Holt also represented to the United States that it had obtained a commitment from HIM 37 that, consistent with the terms of HIM 37's publishing agreement with Snowden, HIM 37 would not, prior to April 1, 2020, disburse any funds to Edward Snowden—and/or his agents, assigns, or others acting on his behalf—earned in connection with *Permanent Record* that had not already been disbursed prior to the initiation of this action.

In light of the above, the United States and Henry Holt respectfully request that the Court enter the Agreed Order set forth below. Because this Agreed Order is between the United States and Henry Holt, the Agreed Order does not waive any jurisdictional objections or other defenses of VGH and/or HIM 37. This Agreed Order is also without prejudice to the United States' ability to seek preliminary relief at any time, and also does not constitute a waiver of any claims, arguments, or rights by any party.

Accordingly, for good cause shown, it is hereby

ORDERED that Henry Holt shall not, prior to April 1, 2020, disburse any funds to Edward Snowden—and/or his agents, assigns, or others acting on his behalf—earned in connection with *Permanent Record*; and it is further

ORDERED that Henry Holt shall ensure that, prior to April 1, 2020, neither VGH nor HIM 37 will disburse any funds to Edward Snowden—and/or his agents, assigns, or others acting on his behalf—earned in connection with *Permanent Record* that had not already been disbursed prior to the initiation of this action.

Date: Oct 30, 2019
Alexandria, Virginia

The Hon. Liam O'Grady
United States District Judge

WE AGREE TO THIS:

JOSEPH H. HUNT
Assistant Attorney General

G. ZACHARY TERWILLIGER
United States Attorney

JAMES M. BURNHAM
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

DANIEL SCHWEI
Senior Trial Counsel
ANTONIA KONKOLY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 12024
Washington, DC 20530
Tel.:  (202) 305-8693
Fax:  (202) 616-8470
Email: daniel.s.schwei@usdoj.gov

/s/ Rebecca Wenson (for Trent McCotter)
R. TRENT MCCOTTER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:  (703) 299-3845
Fax:  (703) 299-3983
Email:  trent.mccotter@usdoj.gov

*Counsel for the United States*

/s/ Elizabeth A. M.
Elizabeth A. McNamara (pro hac vice)
1251 Avenue of the Americas, 21st floor
New York New York 10020
Tel:  (212) 489-8230
Fax:  (212 489-8340
Email:  lizmcnamara@dwt.com

Daniel Reing
Eric Feder (pro hac vice)
1919 Pennsylvania Ave NW
Washington, DC 20006

*Counsel for the Relief-Defendant Macmillan Publishing Group, LLC d/b/a Henry Holt and Company*