IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>       v.<br><br>EDWARD SNOWDEN,<br><br>                Defendant,<br><br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC d/b/a HENRY HOLT AND COMPANY, *et al.*,<br><br>                Relief-Defendants. | Case No. 1:19-cv-1197-LO-TCB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT EDWARD SNOWDEN TO PLAINTIFF'S COMPLAINT** |

Defendant Edward Snowden ("Defendant") responds to Plaintiff United States ("Plaintiff")'s complaint as follows:

## INTRODUCTION

1. To the extent that this paragraph is a summary of the Plaintiff's allegation, and contains legal conclusions, no response is required. Defendant admits that he is a United States citizen who previously worked as an employee and contractor for the Central Intelligence Agency ("CIA") and as a contractor for the National Security Agency and that he wrote a book entitled *Permanent Record*. He denies that he was obligated to submit *Permanent Record* for prepublication review. The remaining allegations relate to third parties and as such no response is required.

1

**JURISDICTION AND VENUE**

2.   Defendant admits that Plaintiff has brought this action pursuant to 28 U.S.C. § 1345. The remaining allegations in paragraph 2 are legal conclusions to which no response is required.

3.   Defendant admits that he does not reside in the United States and that he signed several of his Secrecy Agreements and exit forms in Virginia. He lacks sufficient knowledge or information to form a belief as to whether the CIA or Booz Allen Hamilton are headquartered in the Eastern District of Virginia. The remaining allegations are legal conclusions to which no response is required.

**PARTIES**

4.   Defendant admits the allegation in paragraph 4.

5.   Defendant admits that he is a United States citizen currently residing in Moscow, Russia. He admits that he is a former contractor and employee of the CIA and a former contractor of the NSA. He also admits that he is serving as President of the Board of Directors for the Freedom of the Press Foundation. He lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 5.

6.   The allegations in paragraph 6 relate to a party other than Defendant and as such do not require a response.

7.   The allegations in paragraph 7 relate to a party other than Defendant and as such do not require a response.

8.   The allegations in paragraph 8 relate to a party other than Defendant and as such do not require a response.

9. The allegations in paragraph 9 relate to parties other than Defendant and otherwise are legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

### The CIA's and NSA's Responsibilities With Respect to National Security

10. Paragraph 10 contains legal conclusions to which no response is required.

11. Paragraph 11 contains legal conclusions to which no response is required.

12. Defendant admits that CIA employees or affiliates are required to sign a Secrecy Agreement as a condition of their contractual relationship with the CIA. The purpose of that requirement is a legal conclusion to which no response is required.

13. Defendant admits that the NSA operates within the Department of Defense and that it is part of the Intelligence Community. The remaining allegations in paragraph 13 contain legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Defendant denies that personnel that work for the NSA are required to execute a Secrecy Agreement as a condition of being granted access to classified information. The purpose of that requirement is a legal conclusion to which no response is required.

### Snowden's Employment and Secrecy Agreements With CIA

16. Defendant admits the dates of his employment at the CIA.

17. Defendant admits that he signed materially identical Secrecy Agreements with the CIA on the dates alleged.

18. Defendant admits that he signed the Secrecy Agreements at a CIA facility located within Virginia and that he was frequently present in Virginia for training, processing, and other

work-related activities. He lacks sufficient knowledge or information to form a belief as to where his salary and benefits were processed during the course of his employment with the CIA.

19.     Defendant admits that he entered into the CIA Secrecy Agreements as a condition of his employment with the CIA. The remaining allegations in paragraph 19 are legal conclusions to which no response is required.

20.     Defendant admits that he entered into a CIA Secrecy agreement that states that, by being granted access to such information and materials, he would be placed in a position of special confidence.

21.     Defendant admits that he signed the CIA Secrecy Agreement and that it requires that he not disclose information that he obtained in the course of his employment that is marked as classified, that he knows is classified, or that he knows is in the process of a classification determination to individuals who have not been authorized by the CIA to receive that information.

22.     Defendant admits that the CIA Secrecy Agreements state that his prepublication obligation applies both during his employment with the CIA and at any time thereafter. The remaining obligations in paragraph 22 are legal conclusions purporting to construe a contract and as such do not required a response. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the CIA Secrecy Agreements.

23.     Defendant admits the CIA Secrecy Agreement states that he "agree[s] to submit for review by the [CIA] any writing or other preparation in any form, including a work of fiction, which contains any mention of intelligence data or activities or contains any other information or material that might be based on [information or material obtained in the course of his employment that is marked as classified, that he knows is classified, or that he knows is in the

process of a classification determination], that [he] contemplate[s] disclosing publicly or that [he] ha[s] actually prepared for public disclosure[.]" The remainder of paragraph 23 contains legal conclusions to which no response is required.

24. Defendant admits that the CIA Secrecy Agreements that he signed states that the purpose of the prepublication review is to allow the CIA to determine if a publication would disclose information that he agreed not to disclose.

25. Defendant admits that the CIA Secrecy Agreements state that he must receive a written release from the CIA or his obligations under the contract remain valid. He also admits that he signed the contract.

26. Defendant admits that all classified information that he acquired during the course of his employment was property of the United States, that the CIA Secrecy Agreements purport to provide procedures whereby he could report intelligence activities that he considered to be unlawful or improper, and that Plaintiff was entitled to institute a civil proceeding against him for alleged violations of the CIA Secrecy Agreements.

27. Defendant admits that the Secrecy Agreements which he signed state that the Agreements entitle Plaintiff to rights to his earnings from breaches of the contract.

28. Defendant admits that he signed additional nondisclosure agreements during his employment with the CIA.

29. Defendant admits that he signed a CIA Security Exit Form and did so in Virginia.

30. Defendant admits that the CIA has not issued him a release from the terms and conditions of the Secrecy Agreements.

31. Defendant admits that he was assigned to various positions of trust at the CIA, whereby he sometimes had access to classified information. He lacks sufficient knowledge or

information to form a belief as to the remaining allegations in paragraph 31, including allegations regarding the CIA's state of mind.

### Snowden's Affiliation and Secrecy With NSA

32. Defendant admits that he served as a contractor for the NSA at various points from 2005 and 2013 and that his most recent contractor position with the NSA was in 2013 while he was employed at Booz Allen Hamilton. He lacks sufficient knowledge to form a belief as to where Booz Allen Hamilton is headquartered.

33. Defendant admits that he signed the Secrecy Agreements attached to Plaintiff's complaint.

34. Defendant admits that he executed the NSA Secrecy Agreements as a condition of his employment and as a condition of being granted access to classified information. The remaining allegations in paragraph 34 are legal conclusions to which no response is required.

35. Defendant admits that the NSA Secrecy Agreements which he signed state that he was being placed in a position of trust.

36. Defendant admits that the NSA Secrecy Agreements state that he was obligated not to discuss matters pertaining to information obtained as a result of his relationship with the NSA that are classified or in the process of a classification determination except with people who are authorized to receive such information and have a need-to-know.

37. Defendant admits that the NSA Secrecy Agreements state that he was required to submit to the NSA for its review all materials which "contain or purport to contain, refer to, or are based upon" information obtained as a result of his relationship with the NSA which are classified or in the process of a classification determination. He admits that the prepublication obligation applied during and after his affiliation with the NSA.

38. Defendant admits that if the NSA Secrecy Agreement applies to a publication, then he must submit that publication for review before discussing the publication with anyone or showing it to anyone who is not authorized to access it.

39. Defendant admits that the NSA Secrecy Agreements state that the purpose of prepublication review is to determine whether the material contemplated for public disclosure contains classified information and to give the NSA an opportunity to prevent the publication of such information. He also admits that the Agreements state that he bore the burden of determining whether information or materials in a publication are classified information and whether the person he disclosed the information to was authorized to receive it.

40. Defendant admits the NSA Secrecy Agreements state that they applied during and after his employment with the NSA unless he receives written release terminating the Agreements.

41. Defendant admits that the NSA Secrecy Agreement states that all classified information acquired by him during his course of employment with the agency was the property of Plaintiff and that Plaintiff was entitled to institute civil proceedings against him if he violated the terms of the agreement.

42. Defendant admits that the NSA Secrecy Agreements state that Plaintiff is entitled to all proceeds from publications that breach the contract.

43. Defendant admits that he signed other nondisclosure agreements with the NSA.

44. Defendant admits that he has not received a written release from the NSA.

45. Defendant admits that he was assigned to various positions of trust at the NSA, whereby he sometimes had access to classified information. He lacks sufficient knowledge or

information to form a belief as to the remaining allegations in paragraph 31, including allegations regarding the NSA's state of mind.

### The CIA's Prepublication Review Process

46. The allegations of paragraph 46 constitute legal conclusions to which no response is required.

47. The allegations of paragraph 47 constitute legal conclusions to which no response is required.

48. The allegations of paragraph 48 constitute legal conclusions to which no response is required.

49. The allegations of paragraph 49 constitute legal conclusions to which no response is required.

50. The allegations of paragraph 50 constitute legal conclusions to which no response is required.

51. The allegations of paragraph 51 constitute legal conclusions to which no response is required.

52. The allegations of paragraph 52 constitute legal conclusions to which no response is required.

### The NSA's Prepublication Review Process

53. The allegations of paragraph 53 constitute legal conclusions to which no response is required.

54. The allegations of paragraph 54 constitute legal conclusions to which no response is required.

55. The allegations of paragraph 55 constitute legal conclusions to which no response is required.

56. The allegations of paragraph 56 constitute legal conclusions to which no response is required.

57. The allegations of paragraph 57 constitute legal conclusions to which no response is required.

### Snowden's Publication of a Book Entitled *Permanent Record*

58. Defendant admits that he tweeted on August 1, 2019 that he had written a book called *Permanent Record*.

59. Defendant admits that he wrote the tweet contained in paragraph 59 on August 1, 2019.

60. Paragraph 60 contains allegations regarding parties other than Defendant to which no response is here required.

61. Paragraph 61 contains allegations regarding parties other than Defendant to which no response is here required.

62. Paragraph 62 contains allegations regarding parties other than Defendant to which no response is here required.

63. Paragraph 63 contains allegations regarding parties other than Defendant to which no response is here required.

64. Defendant admits that *Permanent Record* purports to discuss intelligence-related activities at the CIA and the NSA. The remainder of Paragraph 64 contains legal conclusions to which no response is here required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

65. Paragraph 65 contains legal conclusions to which no response is required.

66. Defendant admits that he did not submit *Permanent Record* for prepublication review and did not receive approval from the CIA or the NSA prior to sharing manuscripts of the book with anyone else.

67. Defendant admits that *Permanent Record* was published and made publicly available for sale on September 17, 2019.

68. Defendant admits that he appeared as a guest on "The Daily Show" and discussed CIA and NSA Secrecy Agreements. He denies that he admitted on the show that he did not submit *Permanent Record* for prepublication review. The remaining allegation in paragraph 68 refers to a person other than Defendant to which no response is here required.

69. Paragraph 69 contains legal conclusions to which no response is required.

**The Publisher Relief-Defendants' Possession of Proceeds Related to *Permanent Record***

70. Paragraph 70 contains allegations regarding parties other than Defendant to which no response is here required.

71. Paragraph 71 contains allegations regarding parties other than Defendant to which no response is here required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

72. Paragraph 72 contains allegations regarding parties other than Defendant to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

73. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73.

74. Defendant admits that Ben Wizner is his principal legal adviser.

75. Defendant admits that he has earned monetary proceeds from the sale and publication of *Permanent Record*. The remaining allegations of this paragraph are denied, except to the extent that those paragraphs pertain to parties other than Defendant, in which case no response is required.

76. Paragraph 76 contains legal conclusions and allegations relating to the conduct of parties other than Defendant, as to both of which no response is required.

77. Defendant denies, or has insufficient knowledge to admit or deny paragraph 77, which is in part speculative.

78. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 to the extent that they are not legal conclusions to which no response is required.

79. Paragraph 79 contains legal conclusions to which no response is required.

**Personal Jurisdiction Over the Publisher Relief-Defendants**

80. Defendant admits the first sentence of Paragraph 80, the remainder of which contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

81. Paragraph 81 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

82. Paragraph 82 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required.

83. Paragraph 83 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

84. Paragraph 84 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

85. Paragraph 85 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

86. Paragraph 86 contains allegations regarding what the contract "contemplated and intended" as to which Defendant has insufficient knowledge to admit or deny.

87. Paragraph 87 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

88. Paragraph 88 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

89. Paragraph 89 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

90. Paragraph 90 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

91. Paragraph 91 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

92. Paragraph 92 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

93. Paragraph 93 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

94. Paragraph 94 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

95. Paragraph 95 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

96. Paragraph 96 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

97. Paragraph 97 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is required from him.

98. Paragraph 98 contains allegations regarding parties other than Defendant as to which Defendant has insufficient knowledge to admit or deny and, in any event, no response is

required from him.

### Snowden's Speeches

99. Defendant admits that he has given public remarks since 2014 and that he has been compensated for some of his public remarks. Defendant admits that "the media reports" make the statements set forth in this paragraph.

100. Defendant admits the first sentence of paragraph 100 as to his public remarks. Defendant denies the second sentence, which also contains legal conclusions to which no response is required.

101. Defendant admits that he spoke at a "TED" conference by remote video in March of 2014 in which he discussed a slide previously published in the *Washington Post* that contained a Top Secret marking. He also admits that he discussed a publicly reported program that the NSA historically hid from Congress.

102. Defendant admits that he made public remarks at a trade fair called "it-sa" in October 2015 by remote video, in which he displayed a slide with a Top Secret marking on it and that referred to publicly reported government surveillance programs.

103. Defendant admits that he made public remarks at the College of William & Mary in April 2017 by remote video during which he discussed publicly reported government surveillance programs, and during which he displayed three slides, each of which contained images with Top Secret markings.

104. Defendant admits that he made public remarks at Dalhousie University in May 2019 by remote video during which he discussed the capacities and operation of publicly reported government surveillance programs, including by displaying and discussing a slide that contained Top Secret markings.

105. Defendant admits that he has given and continues to give public remarks, in addition to the above, during which he has discussed intelligence-related activities of the CIA and NSA.

106. Paragraph 106 contains legal conclusions to which no response is required but Defendant denies that this paragraph accurately sets forth the legal conclusions contained therein.

107. Defendant admits that he never submitted any materials to the CIA or NSA for prepublication review and did not receive written approval to make public remarks.

108. Paragraph 108 contains legal conclusions to which no response is required.

## CAUSES OF ACTION

### Count One: Breach of Contract and Fiduciary Duty Related to the Publication of *Permanent Record*

109. Defendant likewise incorporates by reference his responses to all other paragraphs of the Complaint as if fully set forth herein.

110. Defendant admits that his CIA and NSA Secrecy Agreements, if enforceable, obligated him to submit certain materials for prepublication review and that he was not to publish such materials until he received permission to do so. The rest of paragraph 110 contains legal conclusions to which no response is required.

111. Defendant denies the allegations of Paragraph 111.

112. Defendant admits that he was a contractor for the CIA and the NSA and an employee for the CIA and that he entered into Secrecy Agreements and gained access to classified information as a result of those positions. The remainder of Paragraph 112 contains legal conclusions to which no response is required.

113. Paragraph 113 contains legal conclusions as to which no response is required.

114. Paragraph 114 contains legal conclusions as to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 114, which are inconsistent with the language of the secrecy agreements.

115. Paragraph 115 contains legal conclusions as to which no response is required; to the extent that it alleges that the United States has been or will be irreparably harmed, Defendant denies those allegations. To the extent that a response is required, Defendant denies the allegations of Paragraph 114, which are inconsistent with the language of the secrecy agreements..

116. Paragraph 116 contains legal conclusions as to which no response is required; to the extent that it alleges that the United States has been or will be irreparably harmed, Defendant denies those allegations.

117. Defendant denies the allegations of Paragraph 117.

### Count Two: Breach of Contract and Fiduciary Duty Related to Speeches

118. Defendant likewise incorporates by reference his responses to all other paragraphs of the Complaint as if fully set forth herein.

119. Defendant denies the allegations of Paragraph 119, which are inconsistent with the language of the Secrecy Agreements or are unconstitutional.

120. Defendant denies the allegations of Paragraph 120, which are inconsistent with the language of the Secrecy Agreements or are unconstitutional.

121. Defendant denies the allegations of Paragraph 121, which are inconsistent with the language of the Secrecy Agreements or are unconstitutional.

122. Defendant denies the allegations of Paragraph 122, which are inconsistent with the language of the Secrecy Agreements or are unconstitutional.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, including any relief requested in any WHEREFORE clause contained in the complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE: ANTICIPATORY BREACH**

123. Plaintiff anticipatorily breached the NSA and CIA Secrecy Agreements, and as such its claims are barred in whole.

124. Plaintiff has evidenced through its conduct a clear intention to refuse to review either Defendant's book *Permanent Record* (Count I) or any other pertinent materials (Count II) in good faith and in a timely fashion, and as such has anticipatorily breached the Secrecy Agreements.

125. On information and belief, Plaintiff has decided that it will not review in good faith or within a reasonable time any materials Defendant submits for prepublication review.

**SECOND AFFIRMATIVE DEFENSE: SELECTIVE ENFORCEMENT**

126. This lawsuit constitutes a selective enforcement of the Secrecy Agreements against Defendant because of animus towards his viewpoint and thus cannot proceed.

**THIRD AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

127. Based upon the language of the Secrecy Agreements, as interpreted based upon the totality of the relevant circumstances, Plaintiff has failed to state a claim upon which relief may be granted.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant requests the dismissal of the complaint.

Dated:  November 20, 2019

Respectfully submitted,

Edward Snowden (*by Counsel*)

Counsel for Defendant:

*/s/ Victor M. Glasberg*
Victor M. Glasberg (#16184)
VICTOR M. GLASBERG
& ASSOCIATES
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 (phone)
(703) 684-1104 (fax)
vmg@robinhoodesq.com

Lawrence S. Lustberg
GIBBONS P.C.
1 Gateway Center
Newark, NJ 07102
(973) 596-4731 (phone)
(973) 639-6285 (fax)
llustberg@gibbonslaw.com

Ben Wizner
Brett Max Kaufman
Vera Eidelman
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500 (phone)
(212) 549-2583 (fax)
bwizner@aclu.org
bkaufman@aclu.org
veidelman@aclu.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

R. Trent McCotter
United States Attorney's Office (Alexandria)
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3845 (phone)
trent.mccotter@usdoj.gov

Daniel Peter Reing
Davis Wright Tremaine LLP (DC)
1919 Pennsylvania Ave NW
Suite 800
Washington, DC 20006
(202) 973-4200 (phone)
(202) 973-4249 (fax)
danielreing@dwt.com

*/s/ Victor M. Glasberg*
Victor M. Glasberg (#16184)
VICTOR M. GLASBERG
& ASSOCIATES
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 (phone)
(703) 684-1104 (fax)
vmg@robinhoodesq.com

*Counsel for Defendant*