# EXHIBIT 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>EDWARD SNOWDEN,<br><br>        Defendant,<br><br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC d/b/a HENRY HOLT AND COMPANY, *et al.*,<br><br>        Relief-Defendants. | Case No. 1:19-cv-1197-LO-TCB<br><br>**DECLARATION OF EDWARD SNOWDEN** |

I, Edward Snowden, in accordance with 28 U.S.C. §1746, declare as follows:

1. I currently reside in Moscow, Russia.

2. Since 2014, I have been a frequent public speaker at events around the world. I generally appear using a video chat program like Google Hangouts. The typical format for these appearances involves a host or interlocutor who asks me questions about whistleblowing, mass surveillance, cybersecurity, my life in exile, and other issues. I often take questions from the audience as well.

3. I receive no payment for most of these appearances. I choose to speak to human rights activists, student groups, and gatherings of technologists because I want to help educate them about the dangers of excessive secrecy and unchecked surveillance, and to encourage them to live meaningful lives.

1

4. I do receive payment for some of these speaking engagements, most often for business conferences or events.

5. My speaking engagements have generated considerable news coverage. I believe that the government has been aware of my public speaking since 2014. I am certain that the government has been aware of my speaking career since at least 2016, when the CIA director told Yahoo News that he believed it was "wrong" for me to get paid to speak about my time in government.

6. My understanding is that the Secrecy Agreements I signed with the CIA and the NSA do not obligate me to submit any materials that I did not personally create; to submit any materials that I display in public that are already in the public domain; or to affirmatively create materials for submission in advance of any public appearances.

7. The United States government has never before sought to hold me liable for breach of the Secrecy Agreements. I believe that if I submitted materials to prepublication review, the government would not review them in good faith.

**The Appearances at Issue in the Government's Motion**

8. On recollection and belief, for the appearances described in the government's complaint and motion for partial summary judgement, I did not prepare remarks, outlines, or notes that mentioned intelligence data or activities or that contained or purported to contain, referred to, or were based upon information I obtained as a result of my relationship with the CIA or the NSA that is or was classified or in the process of a classification determination. The following paragraphs describe each of the relevant events.

9. In March 2014, I was interviewed on stage at a TED Conference about surveillance and Internet freedom. I spoke with Chris Anderson and Tim Berners-Lee in a

question-and-answer format. On recollection and belief, I did not prepare remarks, outlines, or notes that mentioned intelligence data or activities or that contained or purported to contain, referred to, or were based upon information I obtained as a result of my relationship with the CIA or the NSA that is or was classified or in the process of a classification determination.

10. In October 2015, I spoke at "it-sa," an Internet security trade fair. The host sent me a list of questions in advance of the event. While I was speaking, I did reference the list of questions and I ended up answering many of them as I spoke, but those responses were extemporaneous and not the result of advance preparation. After I spoke, there was a live question-and-answer session hosted by a moderator. On recollection and belief, I did not prepare remarks, outlines, or notes that mentioned intelligence data or activities or that contained or purported to contain, referred to, or were based upon information I obtained as a result of my relationship with the CIA or the NSA that is or was classified or in the process of a classification determination.

11. In April 2017, I spoke at the College of William & Mary. Colonel Lawrence Wilkerson moderated the event. For the second half of the event, I answered questions from the audience. On recollection and belief, I did not prepare remarks, outlines, or notes that mentioned intelligence data or activities or that contained or purported to contain, referred to, or were based upon information I obtained as a result of my relationship with the CIA or the NSA that is or was classified or in the process of a classification determination.

12. Lawrence Wilkerson is a retired United States Army Colonel and former chief of staff to Colin Powell. To my knowledge, he was subject to intelligence agency secrecy agreements, did not submit his questions or remarks to his former employers in advance of our conversation, and has not been sued for breach of his secrecy agreements.

13. In May 2019, I spoke at Dalhousie University. I gave remarks at the beginning of the event and then answered questions from student representatives. On recollection and belief, I did not prepare remarks, outlines, or notes that mentioned intelligence data or activities or that contained or purported to contain, referred to, or were based upon information I obtained as a result of my relationship with the CIA or the NSA that is or was classified or in the process of a classification determination.

### The Speaking Contracts at Issue in the Government's Motion

14. The government's motion also identifies three contracts I entered into with public universities for remote appearances. None of the contracts referenced or required "prepared" remarks. The following paragraphs describe those contracts and events.

15. In September 2015, I contracted with the University of Iowa to appear remotely and speak with community members, students, faculty, and staff. The contract said that, after two other speakers—Ray McGovern and Coleen Rowley—presented for 40 minutes, I would provide 5 minutes of remarks, and then have a discussion with the moderator for approximately 20 minutes. The contract did not require me to prepare my remarks. On recollection and belief, I did not prepare remarks, outlines, or notes that mentioned intelligence data or activities or that contained or purported to contain, referred to, or were based upon information I obtained as a result of my relationship with the CIA or the NSA that is or was classified or in the process of a classification determination.

16. Per our contract for the event, Mr. McGovern and Ms. Rowley began the event with a 40-minute presentation and the moderator asked all of us questions for 15 minutes and fielded questions from the audience for an additional 15 minutes. Ray McGovern is a former CIA analyst and Coleen Rowley previously worked for the FBI. To my knowledge, they were

4

both subject to intelligence agency secrecy agreements, did not submit their remarks to their former employers in advance of our conversation, and have not been sued for breach of their secrecy agreements.

17. Also in September 2015, I contracted with the University of Colorado, Boulder to appear remotely in conversation with Ron Suskind. The contract said the topic of my appearance was "An Evening with Ron Suskind and Edward Snowden." The contract did not require me to prepare my remarks. Per the contract, Mr. Suskind asked me questions from 7:00pm to 8:00pm, and the following thirty minutes involved an audience Q&A. On recollection and belief, I did not prepare remarks, outlines, or notes that mentioned intelligence data or activities or that contained or purported to contain, referred to, or were based upon information I obtained as a result of my relationship with the CIA or the NSA that is or was classified or in the process of a classification determination.

18. In February 2016, I contracted with the University of Arizona Foundation to appear in conversation with Noam Chomsky and Glenn Greenwald. The contract said the topic of our conversation would be "National Security, Government Surveillance, and Civil Liberties in the age of terrorism." The contract did not require me to prepare my remarks. Per the contract, Dean John Paul Jones III introduced the panel, we then engaged in a 50-minute conversation moderated by Nuala O'Connor, and finally Ms. O'Connor led a 30-minute Q&A based on questions from the public. On recollection and belief, I did not prepare remarks, outlines, or notes that mentioned intelligence data or activities or that contained or purported to contain, referred to, or were based upon information I obtained as a result of my relationship with the CIA or the NSA that is or was classified or in the process of a classification determination.

5

**Displaying Publicly-Available Online Resources**

19. When I speak before an audience, I occasionally draw upon publicly available resources from the Internet. I have played videos, such as a C-SPAN clip of then-Director of National Intelligence, James Clapper, testifying before the Senate Intelligence Committee about NSA surveillance in 2013. (This video is available at https://perma.cc/F8ZJ-NHPR.) I have also displayed news articles and headlines that discuss government surveillance programs. For example, I have shown the headlines of the Guardian article, *Boundless Informant: the NSA's secret tool to track global surveillance data* (available at https://perma.cc/4GYM-52KD), and the Washington Post article, *Independent review board says NSA phone data program is illegal and should end* (available at https://perma.cc/PW2T-9K2Q). In addition to videos and articles, I have also displayed government slides that were published by newspapers.

20. The videos, articles, and slides help illustrate and contextualize the examples I choose to highlight as I speak. I keep these aids accessible while I am speaking so I can easily pull them up for reference.

21. The examples I reference during my remarks come from publicly available resources that were published by news organizations. I have not retained and have no access to any materials or documents from my time working for the NSA or CIA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 20, 2019.

_____
Edward Snowden

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

R. Trent McCotter
United States Attorney's Office (Alexandria)
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3845 (phone)
trent.mccotter@usdoj.gov

Daniel Peter Reing
Davis Wright Tremaine LLP (DC)
1919 Pennsylvania Ave NW
Suite 800
Washington, DC 20006
(202) 973-4200 (phone)
(202) 973-4249 (fax)
danielreing@dwt.com

/s/ *Victor M. Glasberg*
Victor M. Glasberg (#16184)
VICTOR M. GLASBERG
& ASSOCIATES
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 (phone)
(703) 684-1104 (fax)
vmg@robinhoodesq.com

*Counsel for Defendant*