**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SNOWDEN,<br><br>Defendant,<br><br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC d/b/a HENRY HOLT AND COMPANY, *et al.*,<br><br>Relief-Defendants. | Case No. 1:19-cv-1197-LO-TCB<br><br>**DECLARATION OF LAWRENCE S. LUSTBERG PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)** |

I, Lawrence S. Lustberg, in accordance with 28 U.S.C. §1746 declare as follows:

1. I am an attorney at law in the States of New Jersey and New York and have been admitted *pro hac vice* before this Court. I am the Co-Chair of Commercial & Criminal Litigation at Gibbons P.C. and Director of the Firm's John J. Gibbons Fellowship in Public Interest & Constitutional Law; I am one of the attorneys for Defendant Edward Snowden ("Mr. Snowden") in this matter. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called to do so.

2. I respectfully submit this declaration pursuant to Federal Rule of Civil Procedure 56(d) in support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment. Rule 56(d) requires that summary judgment here be postponed because Mr. Snowden has not had

the opportunity to discover information that is necessary to opposing this motion and defending himself against the allegations against him. The specific information set forth below "could possibly create a genuine issue of material fact sufficient to survive summary judgment or otherwise affect the [C]ourt's analysis." *Neal v. Luedtke*, 713 F. App'x 177, 181 (4th Cir. 2017).

## BACKGROUND

3. Plaintiff the United States ("the government") filed its Amended Complaint in this matter on October 11, 2019, alleging that Mr. Snowden breached his contractual and fiduciary obligations arising under contracts between Mr. Snowden and the CIA and NSA. *See* Am. Compl. Exh. A (the "CIA Secrecy Agreements"); Am. Compl. Exh. C (the "NSA Secrecy Agreements") (collectively, the "Secrecy Agreements"). The government alleges that Mr. Snowden violated the Secrecy Agreements by publishing his book, *Permanent Record*, and by giving "speeches" to the public on subjects related to his employment at the NSA and CIA, without first submitting them to the government's prepublication review process.

4. On October 23, 2019, before Mr. Snowden even filed an Answer, the government moved for partial summary judgment on liability.

5. To date, no discovery has taken place in this case.

6. Mr. Snowden seeks to obtain discovery regarding the following issues raised by the government's Motion for Partial Summary Judgment: (1) whether and to what extent, based upon extrinsic evidence, including course of performance, course of dealing, and common trade practice, the Secrecy Agreements should be interpreted to apply to certain materials related to the public remarks identified in the Complaint and in the government's Statement of Material Facts; (2) whether and to what extent the government has engaged in viewpoint discrimination by selectively enforcing the Secrecy Agreements and by refusing to approve, delaying, or

oppressively redacting submissions by those with whom the government disagrees; and (3) whether the government anticipatorily breached the Secrecy Agreements by making clear that it would not in fact perform a prompt and good faith prepublication review of any materials submitted by Mr. Snowden.

## DISCOVERY THAT COULD POSSIBLY DEMONSTRATE MATERIAL DISPUTES OF FACT

### Whether the Secrecy Agreements Apply to Mr. Snowden's Public Remarks

7. Mr. Snowden requires discovery with respect to any extrinsic evidence, including course of performance, course of dealing, and trade usage, which would shed light on whether the Secrecy Agreements require the submission of publicly available materials that have not been personally created by former government employees in connection with public remarks such as those made by Mr. Snowden. Such discovery will possibly (and is reasonably likely to) lead to evidence that would support Mr. Snowden's claim that the Secrecy Agreements do not apply to the public remarks of Mr. Snowden upon which the government has moved for summary judgment and create a genuine issue of material fact.

8. Specifically, discovery regarding course of performance will possibly (and is reasonably likely to) show that the government has been aware that Mr. Snowden has been speaking publicly for years, but has never brought a claim against him for breach of the Secrecy Agreements. Such discovery could include but would not be limited to communications from or involving the CIA and NSA regarding Mr. Snowden's public remarks, including discussions regarding enforcing the Secrecy Agreements against him. This information would reflect on the government's interpretation of the Secrecy Agreements and demonstrate that the Secrecy Agreements do not apply to the public remarks of Mr. Snowden upon which the government has moved for summary judgment.

9. Additionally, discovery of evidence regarding the government's lack of enforcement against others for making public remarks without the submission of any materials related thereto for prepublication review could possibly (and is reasonably likely to) establish that the government does not interpret the Secrecy Agreements to require submission of publicly available materials related to public remarks that are not personally prepared by former employees. Such evidence would include practices in the intelligence community with regard to speech-related materials; legal or policy memoranda and instructions to government staff and prosecutors addressing the enforcement of prepublication review with regard to public remarks and materials used in connection therewith; and the type of "preparations" related to planned speeches, live speaking events, and other public remarks that have ever been submitted, or required to be submitted, to prepublication review.

**Whether the Government Has Engaged in Selective Enforcement**

10. Mr. Snowden also requires discovery to support his defense that the government has engaged in selective enforcement. Discovery will possibly (and is reasonably likely to) show that the government has, in its enforcement of the Secrecy Agreements, singled out the views of those with whom it disagrees, including dissidents and whistleblowers, and subjected them to unfavorable treatment in the prepublication review process. Such discovery is reasonably likely to uncover evidence which supports Mr. Snowden's argument that by attempting to enforce the Secrecy Agreements against him, the government has engaged in viewpoint discrimination in violation of his constitutional rights, rendering the Secrecy Agreements unenforceable.

11. Discovery regarding selective enforcement would include the government's enforcement history with respect to the Secrecy Agreements, including the subject matter of the submitted material and the government's actions in response thereto, including the time for

review, results of review, and adverse actions sought or imposed for former employee's failure to submit to or otherwise comply with prepublication review. It would also include instances in which the government was aware that an individual bound by a Secrecy Agreement gave a speech, appeared on television, or otherwise delivered public remarks, but nevertheless chose not to sue to enforce the Secrecy Agreements. And it would also include the CIA Inspector General's secret report on the prepublication review process, including evidence of viewpoint-related and other bias in the way in which the prepublication review process is conducted.

**Whether the Government Has Anticipatorily Breached the Contract**

12. Mr. Snowden also requires discovery with respect to whether the government has anticipatorily breached the Secrecy Agreements by deciding, in advance, not to review any of his submissions "in a reasonable time" and in good faith, i.e., solely "to determine whether [they] . . . contain[ ]" any "Protected Information," NSA Secrecy Agreements ¶ 9, or "any material or information that [he had] agreed not to disclose," CIA Secrecy Agreements ¶ 6.

13. Discovery is legitimately needed because it will possibly (and is reasonably likely to) uncover facts showing internal communications about how the government planned to respond to submissions by Mr. Snowden, and which would possibly reveal the government's intent (or lack thereof) to review in a reasonable time and in good faith Mr. Snowden's submissions. It will also possibly (and is reasonably likely to) include evidence showing that the government internally admitted that it would wield the prepublication review process to ensure that submissions by Mr. Snowden would *never* be approved or otherwise reviewed in a reasonable timeframe and in good faith. Discovery will also possibly (and is reasonably likely to) uncover evidence showing that the prepublication review would have been a futile process for

Mr. Snowden because it is biased against authors and speakers who advocate positions with which the government disagrees.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 20, 2019.

Lawrence S. Lustberg

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

R. Trent McCotter
United States Attorney's Office (Alexandria)
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3845 (phone)
trent.mccotter@usdoj.gov

Daniel Peter Reing
Davis Wright Tremaine LLP (DC)
1919 Pennsylvania Ave NW
Suite 800
Washington, DC 20006
(202) 973-4200 (phone)
(202) 973-4249 (fax)
danielreing@dwt.com

*<u>/s/ Victor M. Glasberg</u>*
Victor M. Glasberg (#16184)
VICTOR M. GLASBERG
& ASSOCIATES
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 (phone)
(703) 684-1104 (fax)
vmg@robinhoodesq.com

*Counsel for Defendant*