IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

------------------------------------------------------------- x

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

EDWARD SNOWDEN,

              Defendant,

And

MACMILLAN PUBLISHING GROUP, LLC
d/b/a HENRY HOLT AND COMPANY,

VERLAGSGRUPPE GEORG VON
HOLTZBRINCK GMBH a/k/a HOLTZBRINCK
PUBLISHING GROUP,

HIM HOLTZBRINCK 37 GMBH,

              Relief-Defendants.

------------------------------------------------------------- x

Case No. 19-cv-1197-LO-TCB

**RELIEF-DEFENDANT
MACMILLAN PUBLISHING
GROUP, LLC'S ANSWER AND
DEFENSES TO AMENDED
COMPLAINT**

Relief-Defendant Macmillan Publishing Group, LLC d/b/a Henry Holt and Company ("Macmillan"), by and through its undersigned counsel, Davis Wright Tremaine LLP, answers the Amended Complaint ("Complaint") of plaintiff the United States of America ("Plaintiff" or the "United States") as follows:

**Response to the Nature of the Action**

1.     To the extent the allegations of Paragraph 1 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto. To the extent the allegations of Paragraph 1 are deemed to be allegations of fact, Macmillan admits that the Complaint purports to assert a civil action against Edward Snowden and names Macmillan and others as relief-defendants, but does not assert any independent claims against the relief-defendants and does not

1

seek to enjoin or restrain publication or distribution of Snowden's book, and Macmillan

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph.

### Response to Jurisdiction and Venue

2.      To the extent the allegations of Paragraph 2 of the Complaint are deemed to be

allegations of law, Macmillan is not required to plead thereto.  To the extent an answer may be

required, Macmillan does not contest that this Court has subject matter jurisdiction over this

action.

3.      To the extent the allegations of Paragraph 3 of the Complaint are deemed to be

allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of

Paragraph 3 are deemed to be allegations of fact, Macmillan denies the allegations, except that it

admits the CIA and Department of Defense are headquartered in this district, and lacks

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

where Defendant Snowden resides, where the CIA performs prepublication reviews, where

Snowden signed any alleged secrecy agreements and/or exit forms, and where Booz Allen

Hamilton is headquartered.

### Response to Parties

4.      Macmillan admits the allegations of Paragraph 4 of the Complaint.

5.      Macmillan admits that Edward Snowden is a United States citizen and that he is a

former contractor or employee of the CIA and the NSA and Macmillan otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 5 of the Complaint.

6.      To the extent the allegations of Paragraph 6 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 6 are deemed to be allegations of fact, Macmillan admits it is registered in Virginia with its principal place of business in the United States located at 120 Broadway, New York, NY, avers that Macmillan is a limited liability company, not a corporation, and otherwise denies the allegations of this paragraph.

7.      To the extent the allegations of Paragraph 7 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 7 are deemed to be allegations of fact, Macmillan admits that Verlagsgruppe George von Holtzbrinck GmbH ("GvH" or "Holtzbrinck Publishing Group") is a German corporation with its principal place of business located at Gänsheidestraße 26, Stuttgart, Germany, and otherwise denies the allegations of this paragraph.

8.      To the extent the allegations of Paragraph 8 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 8 are deemed to be allegations of fact, Macmillan admits that HIM Holtzbrinck 37 GmbH ("Holtzbrinck 37") is a German corporation with its principal place of business located at Gänsheidestraße 26, Stuttgart, Germany, and otherwise denies the allegations of this paragraph.

9.      To the extent the allegations of Paragraph 9 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 9 of the Complaint are deemed to be allegations of fact, Macmillan admits that the United States does not assert any independent claims against Macmillan or the other relief-defendants in this action and that the relief-defendants are referred to collectively in the

4839-7443-0124v.4 0086829-000067

Complaint as "Publisher Relief-Defendants," and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## RESPONSE TO FACTUAL ALLEGATIONS

### Response The CIA's and NSA's Responsibility With Respect to National Security

10.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

### Response to Snowden's Employment and Secrecy Agreements With CIA

16.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

4839-7443-0124v.4 0086829-000067

30.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

**Response to Snowden's Affiliation and Secrecy Agreements with NSA**

32.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

4839-7443-0124v.4 0086829-000067

41.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

**Response to The CIA's Prepublication Review Process**

46.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

4839-7443-0124v.4 0086829-000067

52.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

**<u>Response to The NSA's Prepublication Review Process</u>**

53.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

**<u>Response to Snowden's Publication of a Book Entitled *Permanent Record*</u>**

58.     Macmillan admits the allegations in Paragraph 58 of the Complaint, avers that the tweets linked to from this paragraph speak for themselves, and respectfully refers the Court to the tweets for a true and correct recitation of the contents thereof.

59.     Macmillan admits the allegations in Paragraph 59 of the Complaint, avers that the tweets linked to from this paragraph speak for themselves, and respectfully refers the Court to the tweets for true and correct recitations of the contents thereof.

60.     Macmillan denies the allegations of Paragraph 60 of the Complaint insofar as the paragraph alleges that all of the Publisher Relief-Defendants issued a press release announcing the upcoming publication of *Permanent Record*, but Macmillan admits that it issued the press

8

release linked to in this paragraph (the "Press Release"), avers that the Press Release speaks for itself, and respectfully refers the Court to the Press Release for a true and correct recitation of the contents thereof.

61.     Macmillan denies the allegations of Paragraph 61 of the Complaint insofar as the paragraph alleges that all of the Publisher Relief-Defendants issued the Press Release, but Macmillan admits that it issued the Press Release, avers that the Press Release speaks for itself, and respectfully refers the Court to the Press Release for a true and correct recitation of the contents thereof.

62.     Macmillan denies the allegations of Paragraph 62 of the Complaint insofar as the paragraph alleges that all of the Publisher Relief-Defendants issued the Press Release, but Macmillan admits that it issued the Press Release, avers that the Press Release speaks for itself, and respectfully refers the Court to the Press Release for a true and correct recitation of the contents thereof.

63.     Macmillan denies the allegations of Paragraph 63 of the Complaint insofar as the paragraph alleges that all of the Publisher Relief-Defendants issued the Press Release, but Macmillan admits that it issued the Press Release, avers that the Press Release speaks for itself, and respectfully refers the Court to the Press Release for a true and correct recitation of the contents thereof.

64.     To the extent the allegations of Paragraph 64 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 64 are deemed to be allegations of fact, Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except that Macmillan admits that the book *Permanent Record* referred to in the Complaint (the "Book") purports to discuss

4839-7443-0124v.4 0086829-000067

intelligence-related activities at the CIA and NSA, avers that the Book speaks for itself, and respectfully refers the Court to the Book for a true and correct recitation of the contents thereof.

65.     To the extent the allegations of Paragraph 65 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 65 are deemed to be allegations of fact, Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

66.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67.     Macmillan admits that the Book was published and made publicly available for sale on or before September 17, 2019.

68.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint, avers that the video and document linked to from this paragraph speak for themselves, and respectfully refers the Court to the video and document for true and correct recitations of the contents thereof.

69.     To the extent the allegations of Paragraph 69 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 69 are deemed to be allegations of fact, Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## Response to The Publisher Relief-Defendants' Possession of Proceeds Related to *Permanent Record*

70.     To the extent the allegations of Paragraph 70 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 70 are deemed to be allegations of fact, Macmillan denies the allegations, except admits that Macmillan is publishing the Book.

4839-7443-0124v.4 0086829-000067

71.     Macmillan admits the allegations of Paragraph 71 of the Complaint insofar as they describe how Macmillan "typically" and "sometimes" operates,  denies the allegation that the other Publisher Relief-Defendants besides Macmillan are "publishing companies," and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to other publishing companies besides Macmillan.

72.     Macmillan admits the allegations of Paragraph 72 of the Complaint insofar as they describe how Macmillan "typically" operates and "may" operate,  denies the allegation that the other Publisher Relief-Defendants besides Macmillan are "publishing companies," and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to other publishing companies besides Macmillan.

73.     Macmillan denies the allegations of Paragraph 73 of the Complaint, avers that the article referred to in the paragraph speaks for itself, and respectfully refers the Court to the article for a true and correct recitation of the contents thereof.

74.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, of the Complaint, avers that the article and website referred to in the paragraph speak for themselves, and respectfully refers the Court to the article and website for a true and correct recitation of the contents thereof.

75.     Macmillan denies the allegations of Paragraph 75 of the Complaint, except admits that as a result of Snowden's contract with Relief-Defendant Holtzbrinck 37, he has earned and may continue to earn monetary proceeds stemming from the sale and publication of the Book.

76.     To the extent the allegations of Paragraph 76 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 76 are deemed to be allegations of fact, Macmillan denies the allegations of the first

sentence of the paragraph, except that Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant Snowden's contractual obligations and any breaches thereof; denies the allegations of the second sentence of the paragraph; and admits the allegations of the third sentence of the paragraph.

77.     To the extent the allegations of Paragraph 77 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 77 are deemed to be allegations of fact, Macmillan denies the allegations except admits that Relief-Defendant Holtzbrinck 37 may disburse monetary proceeds stemming from the sale and publication of the Book to Snowden, and/or his agents, assignees, or others acting on his behalf and may do so before a final judgment is reached in this matter.

78.     To the extent the allegations of Paragraph 78 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 78 are deemed to be allegations of fact, Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

79.     To the extent the allegations of Paragraph 79 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 78 are deemed to be allegations of fact, Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

**Response to Personal Jurisdiction Over the Publisher Relief-Defendants**

80.     To the extent the allegations of Paragraph 80 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 80 are deemed to be allegations of fact, Macmillan admits the allegations in the first sentence, and denies the allegations in the second and third sentences.

4839-7443-0124v.4 0086829-000067

81.     To the extent the allegations of Paragraph 81 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 81 are deemed to be allegations of fact, Macmillan admits the allegations in the first sentence, and denies the allegations in the second and third sentences.

82.     To the extent the allegations of Paragraph 82 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 82 are deemed to be allegations of fact, Macmillan denies the allegations and avers that the reference to "Holtzbrinck Publishing Group" on the website referenced in Paragraph 82 is to the global group of affiliated companies of which the Relief-Defendants are a part, not to any specific legal entity, and not specifically to "Holtzbrinck Publishing Group" as defined in Paragraph 7 of the Complaint.

83.     Macmillan admits the allegations of Paragraph 83 of the Complaint.

84.     To the extent the allegations of Paragraph 84 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 84 are deemed to be allegations of fact, Macmillan avers that the court documents referred to in this paragraph speak for themselves, respectfully refers the Court to those documents for a true and correct recitation of the contents thereof, and otherwise denies the allegations of this paragraph.

85.     To the extent the allegations of Paragraph 85 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 85 are deemed to be allegations of fact, Macmillan denies the allegations.

86.     To the extent the allegations of Paragraph 86 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of

13

Paragraph 86 are deemed to be allegations of fact, Macmillan denies the allegations, except admits that Holtzbrinck 37's agreement with Snowden contemplated that Macmillan would undertake certain continuing obligations and activities in the United States, including the publication, distribution, and sales of the Book in the United States.

87.     To the extent the allegations of Paragraph 87 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 87 are deemed to be allegations of fact, Macmillan denies the allegations, except admits that Macmillan's licensing agreement with Holtzbrinck 37 contemplated that Macmillan would undertake certain continuing obligations and activities in the United States, including the publication, distribution, and sales of the Book in the United States.

88.     To the extent the allegations of Paragraph 88 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 88 are deemed to be allegations of fact, Macmillan denies the allegations, except admits that Holtzbrinck Publishing Group (as defined in Paragraph 7 of the Complaint) knew that Macmillan's and Holtzbrinck 37's contracts would involve Macmillan undertaking certain continuing obligations and activities in the United States, including the publication, distribution, and sales of the Book in the United States.

89.     To the extent the allegations of Paragraph 89 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 89 are deemed to be allegations of fact, Macmillan admits the allegations insofar as they refer to Macmillan, and denies the allegations insofar as the term "Publisher Relief-Defendants" in this paragraph refers to any entities other than Macmillan.

90.     To the extent the allegations of Paragraph 90 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 90 are deemed to be allegations of fact, Macmillan denies the allegations, except admits that Macmillan has published, distributed and sold or caused to be sold copies of the Book in Virginia, and has collected proceeds from those sales, and lacks knowledge or information sufficient to form a belief as to the residency of any purchasers of the Book.

91.     To the extent the allegations of Paragraph 91 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 91 are deemed to be allegations of fact, Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they refer to Macmillan, and denies the allegations of the paragraph insofar as the term "Publisher Relief-Defendants" in this paragraph refers to any entities other than Macmillan.

92.     To the extent the allegations of Paragraph 92 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 92 are deemed to be allegations of fact, Macmillan admits the allegations insofar as they refer to Macmillan, and denies the allegations insofar as the term "Publisher Relief-Defendants" in this paragraph refers to any entities other than Macmillan.

93.     To the extent the allegations of Paragraph 93 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 93 are deemed to be allegations of fact, Macmillan denies the allegations, except admits that it published, distributed and sold the Book knowing that it contained a discussion of events that occurred in Virginia.

94.     To the extent the allegations of Paragraph 94 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 94 are deemed to be allegations of fact, Macmillan denies the allegations.

95.     To the extent the allegations of Paragraph 95 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 95 are deemed to be allegations of fact, Macmillan denies the allegations.

96.     To the extent the allegations of Paragraph 96 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 96 are deemed to be allegations of fact, Macmillan denies the allegations.

97.     To the extent the allegations of Paragraph 97 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 97 are deemed to be allegations of fact, Macmillan denies the allegations.

98.     To the extent the allegations of Paragraph 98 of the Complaint are deemed to be allegations of law, Macmillan is not required to plead thereto.  To the extent the allegations of Paragraph 98 are deemed to be allegations of fact, Macmillan denies the allegations.

**Response to Snowden's Speeches**

99.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint.

100.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint.

101.     Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint.

4839-7443-0124v.4 0086829-000067

102.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint.

103.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint.

104.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint.

105.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint.

106.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint.

107.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint.

108.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint.

## RESPONSE TO CAUSES OF ACTION

### Response to Count One: Breach Of Contract And Fiduciary Duty Related to the Publication Of *Permanent Record*

109.    Macmillan repeats and re-alleges its responses to each and every allegation contained the paragraphs set forth above.

110.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint.

111.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint.

17

112.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint.

113.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint.

114.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint.

115.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint.

116.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint.

117.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint.

**Response to Count Two: Breach of Contract and Fiduciary Duty Related to Speeches**

118.    Macmillan repeats and re-alleges its responses to each and every allegation contained the paragraphs set forth above.

119.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint.

120.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint.

121.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint.

122.    Macmillan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint.

**GENERAL DENIAL**

4839-7443-0124v.4 0086829-000067

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint.  Macmillan denies all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

## DEFENSES

By alleging the separate and additional defenses set forth below, Macmillan is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## FIRST DEFENSE

1.      The Complaint fails to state a claim against Macmillan upon which relief can be granted.

## SECOND DEFENSE

2.      The relief Plaintiff seeks is barred, in whole or in part, by the First Amendment to the United States Constitution and Article I, § 8 of the New York State Constitution.

## THIRD DEFENSE

3.      Plaintiff's claims are barred in whole or in part because the relief Plaintiff seeks is contrary to the public interest, in that Plaintiff seeks to penalize the publication of a book that communicates valuable information to the public about matters of serious public concern.

## FOURTH DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, because Plaintiff did not incur any damages or loss as a result of any act or conduct by Macmillan..

## ADDITIONAL DEFENSES

Macmillan hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Complaint, it is unable to determine whether it has additional defenses not expressly

enumerated in the preceding paragraphs or elsewhere in this Answer.  Macmillan thus reserves

its right to amend its Answer to assert additional defenses and to rely upon those additional

defenses to the extent they become available or apparent during discovery or further proceedings

in this action.

Dated:  New York, New York
        November 20, 2019

DAVIS WRIGHT TREMAINE LLP

By: _____/s/_____

Elizabeth A. McNamara (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st floor
New York, New York 10020
Tel: (212) 489-8230
Fax: (212) 489-8340
Email:  elizabethmcnamara@dwt.com

Daniel Reing (VA Bar Number 73348)
Eric Feder (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave NW
Washington, DC 20006
Tel: (202) 973-4200
Fax: (202) 973-4499
Email: danielreing@dwt.com
      ericfeder@dwt.com

*Attorneys for Relief-Defendant Macmillan*
*Publishing Group, LLC d/b/a Henry Holt and*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all parties who have appeared in this action.

Respectfully Submitted,

_____/s/_____

Daniel Reing (VA Bar Number 73348)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave NW
Washington, DC 20006
Tel: (202) 973-4200
Fax: (202) 973-4499
Email: danielreing@dwt.com

*Attorneys for Relief-Defendant Macmillan Publishing Group, LLC d/b/a Henry Holt and Company*

4839-7443-0124v.4 0086829-000067