IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>EDWARD SNOWDEN,<br><br>                Defendant,<br><br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC d/b/a HENRY HOLT AND COMPANY, *et al.*,<br><br>                Relief-Defendants. | Case No. 1:19-cv-1197-LO-TCB |

**DEFENDANT'S SUR-REPLY IN OPPOSITION
TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Defendant Edward Snowden files this sur-reply to briefly respond to points made for the first time in the government's reply brief, given that he will not have the opportunity to address them at the previously scheduled, but now cancelled, hearing on the government's motion.

**I.**    **Mr. Snowden did not breach his duty to submit before speaking publicly.**

    In arguing that Mr. Snowden breached his obligations through "oral disclosures," the government's reply consistently confuses the duty to *submit* materials for prepublication review with a duty not to *disclose* classified information. *See* Gov't Reply 6–8. Per the government's motion, only the first is at issue here. *See, e.g.*, Gov't Mot. 26. In addition, contrary to the government's position in its reply, Mr. Snowden has not "conceded all of the facts establishing his liability on Count II." Gov't Reply 4.

1

That is, Mr. Snowden has not disputed that the Secrecy Agreements "apply to any covered disclosure, regardless of the form of disclosure" because that statement, which focuses on disclosure rather than submission, is not material, and because it is a tautology: obviously, any "covered disclosure" is "covered." Gov't Reply 4. Likewise, Mr. Snowden also has not disputed that he never submitted materials that the Secrecy Agreements required him to submit related to the public remarks identified in the government's motion—because there are no such materials. *See* Gov't Reply 4–5; Snowden Decl. ¶¶ 8–11, 13, 15, 17–18.[1]

In its reply, the government for the first time takes the position that Mr. Snowden had to submit *anything* he prepared for those interviews, regardless of whether the preparations were intelligence-related. Gov't Reply 9 ("[I]t is not up to Snowden to decide whether his notes contain intelligence-related . . . information[.]"). This reading is inconsistent with the plain language of the Secrecy Agreements. *See* CIA Secrecy Agreements ¶¶ 3, 5 (requiring submission only of any preparation "which contains any mention of intelligence data or activities" or "might be based on [information obtained in the course of my employment that is marked classified, or that I know is classified or in the process of a determination]"); NSA Secrecy Agreements ¶¶ 1, 9 (similar).[2] If accepted, this reading will have broad implications, far beyond this case, and will require submission of even personal reminders, along the lines of, for example, "speak slowly."

---

[1] The government asserts that some of the statements in Mr. Snowden's declaration "are likely inadmissible" because they are based "on information and recollection." Gov't Reply 9. But the cases it cites consider statements made "upon information and *belief*," which undermines personal knowledge and thus goes to the admissibility of evidence, not "information and *recollection*," which by its very terms, goes to recollection and therefore, the weight of the evidence. *See, e.g.*, *Kelly v. Paschall*, 2005 WL 5988648, at *4 (W.D. Tex. Apr. 19, 2005) (complaints about doctor's memory go to weight, not admissibility, of his opinion).

[2] To the extent that the Court finds that the regulations are relevant to resolution of this case, they, too, show that this reading is incorrect. *See* CIA Administrative Regulation 13-10 II.A.3 ("The prepublication review requirement does not apply to material that is unrelated to

2

**II.     Mr. Snowden's affirmative defenses are properly before this Court.**

The government wrongly argues that Mr. Snowden waived "any affirmative defenses as to either claim." Gov't Reply 17.[3] It maintains that *Snepp* and its progeny "confirm[]" that Mr. Snowden's "exclusiv[e]" option with respect to *any* defense is to first submit works for prepublication review or challenge redactions, which are not at issue here, in court. *Id.* at 18. But *Snepp* merely states that after a former employee submits a work for review, he or she bears the burden to initiate judicial proceedings challenging any censorship decisions. *See* 897 F.2d 138, 142–43 (4th Cir. 1990) ("If Snepp wishes to publish a manuscript in spite of the Agency's *denial of approval* . . . he must institute an action for judicial review . . . ." (emphasis added)). It does not address Mr. Snowden's arguments here: that the government is unlawfully selectively enforcing its Secrecy Agreements against him, and that the government anticipatorily breached the contract, thereby excusing him from performing.[4]

The government additionally argues that an earlier decision in *Snepp* also bars a selective enforcement defense "as a matter of law." Gov't Reply 22. But there, the Fourth Circuit did not consider the defense because the defendant had failed to identify support in the case law at that

---

intelligence, foreign relations, or CIA employment or contract matters (for example, material that relates to cooking, stamp collecting, sports, fraternal organizations, and so forth).")

[3] Moreover, the government has repeatedly ignored that criminal prosecution, not prepublication review, is the principal deterrent for unlawful disclosure. *See* Gov't Reply 19–20.

[4] The government's reliance on the non-binding oral decisions in *Jones* and *Scherck*, Gov't Reply 18–19, is misplaced. In *Jones*, the defendant published a manuscript he submitted for prepublication review without accepting the government's redactions. The government sued for that breach, not for failure to submit, and Jones replied that because the government breached by seeking to redact unclassified information, he was no longer bound by the contract. ECF No. 22-2, Exh. N at 9. Contrary to the government's assertion here, the court, while ultimately rejecting this argument, did not hold that the defendant had somehow waived it. *Id.* at 20. Likewise, the *Scherck* court considered but rejected the defendant's argument that prior publication of similar material constituted approval of a later publication. ECF No. 22-2, Exh. O at 17–19. Those attempts to challenge government classification decisions as a defendant do not govern here.

time. *United States v. Snepp*, 595 F.2d 926, 933 (4th Cir. 1979). Since *Snepp*, several courts, including the Eastern District of Virginia, have concluded that a selective enforcement defense does apply in civil actions brought by the federal government. *See United States v. Smithfield Foods*, 969 F. Supp. 975, 985 (E.D. Va. 1997) (entertaining selective enforcement defense against EPA civil enforcement action); *see also St. German v. United States*, 840 F.2d 1087, 1095 (2d Cir. 1988) (same in IRS investigation); *Church of Scientology v. Commissioner*, 823 F.2d 1310, 1320–21 (9th Cir. 1987) (same for revocation of tax exempt status); *United States v. Gibson Wine Co.*, 2016 U.S. WL 1626988, at *7 (E.D. Cal. Apr. 25, 2016) ("Selective enforcement is a defense in a civil enforcement action"). Indeed, the government's position would foreclose the very argument that the court in *Agee* accepted without controversy—that government enforcement of a contract against only Black people, or government critics, is unlawful. *See* 500 F. Supp. 506, 508–09 (1980). The government's position cannot be the law.

As for anticipatory breach, a party to a contract is excused from performance when faced with such a breach—and may seek a declaratory judgment to that effect, *or* raise the anticipatory breach as an affirmative defense. *See Studio Frames Ltd. v. Standard Fire Ins. Co.*, 369 F.3d 376, 382 (4th Cir. 2004). Indeed, in *Snepp*, the district court rejected the government's "motion for an immediate judgment on the pleadings" so that the parties could engage in "extensive discovery" as to the former employee's various affirmative defenses, which included similar contract defenses. *See* 456 F. Supp. 176, 177–78 (E.D. Va. 1978).

III. **Mr. Snowden needs discovery in this case.**

Having flagged that discovery in this case is highly likely, Gov't Br. 26, the government now argues that it is the only party that should get discovery because all of the information Mr. Snowden seeks is unavailable as a matter of law. That is incorrect.

With respect to anticipatory breach, the government incorrectly relies on Virginia law to argue that evidence of subjective intent is not relevant. Gov't Reply 28–29. No Fourth Circuit case applying federal contract law—which governs here, *see* CIA Secrecy Agreement ¶ 19; NSA Secrecy Agreement ¶ 12; *Idaho v. Shoshone-Bannock Tribes*, 465 F.3d 1095, 1098 (9th Cir. 2006)—holds that a party's subjective intent does not bear on anticipatory breach. Courts in other jurisdictions regularly find such intent relevant. *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, 2017 WL 1437300, at *5 (D. Kan. Apr. 24, 2017); *Cole v. Melvin*, 441 F. Supp. 193, 204 (D.S.D. 1977) (subjective intent has "legal significance" for defense of anticipatory breach).

Moreover, even if the Court were to apply Virginia law, evidence of subject intent is still essential discovery because "proof of the defendant's subjective intent[] is probative of how his conduct would be [objectively] viewed." *Commonwealth v. Rosa*, 818 N.E.2d 621, 628 (Mass. App. Ct. 2004); *see also State v. Parnoff*, 186 A.3d 640, 651 (Conn. 2018) (same). *Smith v. Boyd*, 553 A.2d 131, 133 (R.I. 1989) (same). In determining whether Mr. Snowden reasonably believed the government had decided not to perform under the contract, it must be relevant that his belief was *correct*. *See Galiher v. Johnson*, 391 P.3d 1101, 1107 (Wy. 2017) (it is a "far cry" to say "none of the claimant's statements of subjective intent are relevant" to objective intent).[5]

The government is equally incorrect to argue that Mr. Snowden must overcome a heavy burden to reach discovery on his selective enforcement defense, Gov't Reply 22–24. The

---

[5] The government's other arguments are weak. Though the Secrecy Agreements are severable, Gov't Reply 27–28, even in a severable contract a breach invalidates the portions of a contract that are directly affected by or connected with the breach. That is the case here; indeed, in the NSA Agreement, the two obligations appear in the same paragraph. *See* NSA Secrecy Agreements ¶ 9. The assertion that common law defenses are inapplicable to agreements that further statutory obligations, Gov't Reply 27, misreads *Snepp*, which simply held secrecy agreements are not disfavored contracts subject to the "rule of reason," as Justice Stevens had asserted in dissent. 444 U.S. 507, 513 n.9 (1980); *id.* at 519 (Stevens, J., dissenting). And the claim that anticipatory breach is too speculative must be wrong, Gov't Reply 20, lest it invalidate a centuries-old common law defense. *See Hochster v. De la Tour*, 2 El. & Bl. 678 (1853).

government relies on criminal cases to make this point, but in affirmative civil enforcement cases like this one, the typical standard under Rule 56(d) governs: the requested discovery need only bear the possibility of unveiling material facts. *See, e.g.*, *Omran v. Beach Forest Subdivision Ass'n*, 2013 WL 2295438, at *3 (E.D. Mich. May 23, 2013). Indeed, some courts have suggested the *Armstrong* standard is "too stringent" for civil cases. *See Church of Scientology*, 823 F.2d at 1320. And even if Mr. Snowden were obligated at this early stage to show similarly situated individuals who have not faced enforcement, he has. *See, e.g.*, Snowden. Decl. ¶¶ 11–12, 15–16.

Finally, the government is wrong in arguing that Snowden is not entitled to discovery because he was a party to the Agreements and thus should know the parties' course of dealing and performance. Gov't Reply 16. Under this theory, there could be no discovery of extrinsic evidence for any defense against a contract claim between parties to an ambiguous agreement. Of course, such discovery is routine. *See, e.g.*, *Suhail Najim Abdullah Al Shimari v. CACI Premier Tech., Inc.*, 657 F. Supp. 2d 700, 717 (E.D. Va. 2009).[6] Moreover, because the government enters into substantially the same contract with millions of people, the government's behavior in the mine run of cases is highly relevant to the meaning of the Secrecy Agreements.

\* \* \*

Mr. Snowden respectfully submits this brief in the hope that it will further the Court's consideration of this matter. The government's reply shows the disquieting breadth with which it interprets the Secrecy Agreements, and only underscores the need for discovery in this case.

Dated: December 12, 2019                                                 Respectfully submitted,

---

[6] The government's contention that its regulations are the only possible trade usage evidence, Gov't Reply 16–17, is equally unavailing. Trade usage evidence may include any "usage having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to a particular agreement," not just a system of rules that purportedly applies to such agreements. Restatement (Second) of Contracts § 222(1).

Edward Snowden *(by Counsel)*

Counsel for Defendant:

*/s/ Victor M. Glasberg*
Victor M. Glasberg (#16184)
VICTOR M. GLASBERG &
   ASSOCIATES
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 (phone)
(703) 684-1104 (fax)
vmg@robinhoodesq.com

Lawrence S. Lustberg
GIBBONS P.C.
1 Gateway Center
Newark, NJ 07102
(973) 596-4731 (phone)
(973) 639-6285 (fax)
llustberg@gibbonslaw.com

Ben Wizner
Brett Max Kaufman
Vera Eidelman
Alexia Ramirez (N.Y. bar
   application pending)
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500 (phone)
(212) 549-2583 (fax)
bwizner@aclu.org
bkaufman@aclu.org
veidelman@aclu.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

R. Trent McCotter
United States Attorney's Office (Alexandria)
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3845 (phone)
trent.mccotter@usdoj.gov

Daniel Peter Reing
Davis Wright Tremaine LLP (DC)
1919 Pennsylvania Ave NW
Suite 800
Washington, DC 20006
(202) 973-4200 (phone)
(202) 973-4249 (fax)
danielreing@dwt.com

*/s/ Victor M. Glasberg*
Victor M. Glasberg (#16184)
VICTOR M. GLASBERG & ASSOCIATES
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 (phone)
(703) 684-1104 (fax)
vmg@robinhoodesq.com

*Counsel for Defendant*