# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | |
|     v.     ) | Case No. 1:19-cv-1197-LO-TCB |
|     ) | |
| EDWARD SNOWDEN,     ) | |
|     ) | |
|     Defendant,     ) | |
|     ) | |
| and     ) | |
|     ) | |
| MACMILLAN PUBLISHING GROUP, LLC     ) | |
| d/b/a HENRY HOLT AND COMPANY, *et al.*,     ) | |
|     ) | |
|     Relief-Defendants.     ) | |

**PLAINTIFF UNITED STATES' FIRST SET OF INTERROGATORIES TO**
**DEFENDANT EDWARD SNOWDEN**

      Pursuant to Fed. R. Civ. P. 33, plaintiff United States of America, through undersigned

counsel, hereby requests that defendant Edward Snowden answer the following Interrogatories

within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules, and in

accordance with the instructions and definitions set forth below.

**INSTRUCTIONS**

      1.    These interrogatories seek all responsive information in your possession,

custody, or control, or in the possession, custody, or control of your attorneys, agents,

representatives, and any other person acting for you or on your behalf.

      2.    These interrogatories are continuing in character, so as to require that

supplemental responses be served in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

3.     No part of an interrogatory should be left unanswered merely because an objection is made to another part of the interrogatory.  If you answer an interrogatory subject to a general or specific objection, indicate whether information has been withheld on the basis of the objection.

4.     If an interrogatory cannot be answered fully, answer it to the extent possible and explain why you cannot answer more fully.  If you deny knowledge or information sufficient to answer an interrogatory, describe the efforts made to locate the information requested and provide the name and addresses of any persons who are known by you to have pertinent knowledge.

5.     If you assert a claim of privilege in objecting to any interrogatory and information is withheld on the basis of such assertion, please provide sufficient information, consistent with Fed. R. Civ. P. 26(b)(5), so that the Court and the parties can determine the validity of the claim of privilege.  Specifically, please:

A.     identify the privilege being claimed; and

B.     provide the following information:

1.     the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of those persons;

2.     the date and place of the communication; and

3.     the general subject matter of the communication.

6.     If, in answering these interrogatories, you encounter what you deem to be

an ambiguity when construing any interrogatory, instruction, or definition, please set forth the matter deemed ambiguous and the construction used in answering.

7.    Please serve any responses that do not pertain to or implicate classified information upon plaintiff's counsel by electronic mail to antonia.konkoly@usdoj.gov and serena.m.orloff@usdoj.gov, or use overnight delivery, addressed to Antonia Konkoly, U.S. Department of Justice, Civil Division, Federal Programs Branch, 1100 L Street N.W., Room 11110, Washington, D.C. 20005.  Please contact the undersigned counsel to arrange for appropriate means of delivery for any responses that purport to pertain to, or otherwise may consist of or implicate, classified information.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    Describe.  Whenever there is a request to "describe" or "describe in detail" an act, action, event, condition, instance, transaction, fact, or set of facts, your response should include (as appropriate given the context): (a) a statement or description by reference to underlying, supporting facts; (b) a statement of the date, location and manner of each occurrence, and (c) the identity of each person participating or engaging therein.

2.    Identify (with respect to persons).  Whenever the identity of a person is required in response to an interrogatory, that response shall include:

A.    With respect to a natural person, that person's full name, present or last known business and residence address, present or last known employer, and that person's employer and position at the time in question with

respect to the particular interrogatory involved;

B.      With respect to a corporation or other entity that is not a natural person, the full name of the organization or entity, the form of such organization (*i.e.*, corporation, partnership, etc.) and the address of the principal office or place of business of such organization or entity.

3.      Identify (with respect to communications).  When referring to communications, "identify" means to state or describe (a) the type of communication, (b) the identity of each person making or participating in the communication, (c) the identity of each person who received the communication or who was present when the communication was made, and (d) the subject matter and content of the communication.

4.      Person.  The term "person" is defined as any natural person, business, firm, partnership, labor union, trust, estate, association, corporation, proprietorship, governmental body, governmental agency or commission or any other organization or entity.

5.      Regarding.  The term "regarding" means concerning, relating to, referring to, describing, discussing, supporting, evidencing, or constituting.

6.      You and defendant.  The words "you," "your," and "defendant," mean defendant Edward Snowden, any of his aliases; any person or organization acting as an officer, agent, servant, employee, or attorney for the defendant; and any other persons who are in active concert or participation with anyone described in this paragraph

7.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the

other genders.

# **INTERROGATORIES**

Interrogatory No. 1

Describe in detail the amount and nature of any gains, proceeds, profits, royalties, compensation, or other consideration or advantages you have received or may receive in the future, from any source, in connection with, in advance of, or arising from, the publication, sale, or republication, in whatever form, of "Permanent Record" or any version, edition, or licensed material thereof (collectively referred to here as the "Book").

Interrogatory No. 2

Describe in detail the full process by which the monetary proceeds or other advantages identified in Interrogatory No. 1 are or will be disbursed to you and/or received by you.

Interrogatory No. 3

Describe in detail any legal rights or interests you have derived from the Book, including royalty-related rights, subsidiary rights (such as media, television, movie and gaming rights), reserved rights, performance-related rights and any other rights, whether realized or potential, that relate, directly or indirectly, to the Book.

Interrogatory No. 4

Describe in detail any assignment or conveyance by you to any other person of any gains, proceeds, profits, royalties, advantages, or other rights or interests in or pertaining to the Book. For each responsive assignment or transaction, provide (1) the name(s) of the assignee, purchaser or licensee; (2) the date on which you executed the assignment or transaction; (3) the specific amount or interest that was assigned or conveyed, and (4) any consideration you received in return.

<u>Interrogatory No. 5</u>

Describe in detail the terms and conditions of any and all arrangements or agreements, whether written or oral, between you and any person assisting you in connection with the writing, negotiation, or publication of the Book, or the leveraging of rights in respect to the Book for profit, including but not limited to any agent(s), advisors, publishers (including HIM Holtzbrinck 37 GmbH, Georg von Holtzbrinck GmbH, and Macmillan Publishing Group, LLC), distributors, retailers, licensees, co-authors or other writers, regardless of whether any such persons are publicly credited as such.

<u>Interrogatory No. 6</u>

List any and all past and future speeches or speaking engagements for which you have received or may receive any gains, proceeds, profits, royalties or other advantages, from any source and at any time, in connection with, in advance of, or arising from, the speech or speaking engagement.  For each such speech or engagement, state (1) the date of the speech or engagement; (2) the person(s) or entity(ies) that hired or contracted with you to make the speech or appear at the engagement; (3) a summary of the contents of your speech or remarks, particularly as it pertains to any intelligence-related matters; (4) whether the speech or remarks discussed or referred to (or will discuss or refer to) intelligence-related activities of the CIA or NSA, materials that purport to be classified, or information that is or was in the process of a classification determination; (5) whether, during the speech or engagement, you displayed any material that was marked and purported on its face to be classified; and (6) the amount of any gains, proceeds, profits, royalties or other advantages you have received, from any source and at any time, in connection with, in advance of, or arising from, the speech or speaking engagement. The timeframe for this request is from May 20, 2013, to the present.

<u>Interrogatory No. 7</u>

Describe in detail the terms and conditions of any and all agreements, whether written or oral, between you and any person assisting you in connection with any and all speeches identified in response to Interrogatory Number 6.

<u>Interrogatory No. 8</u>

Describe in detail the full process by which monetary proceeds, from any source, in connection with, in advance of, or arising from any and all speeches identified in response to Interrogatory Number 6 are disbursed to you and/or received by you.

Dated:  March 6, 2020                    Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID MORRELL
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Antonia Konkoly*
ANTONIA KONKOLY
Trial Attorney
SERENA ORLOFF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 12024
Washington, DC 20530
Tel.:    (202) 514-2395
Fax:    (202) 616-8470
Email:  antonia.konkoly@usdoj.gov

*Counsel for the United States*