EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EDWARD SNOWDEN,<br><br>    Defendant,<br><br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC<br>d/b/a HENRY HOLT AND COMPANY, *et al.*,<br><br>    Relief-Defendants. | Case No. 1:19-cv-1197-LO-TCB |

**DEFENDANT EDWARD SNOWDEN'S OBJECTIONS TO PLAINTIFF UNITED STATES' FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant Edward Snowden, by his attorneys Gibbons P.C., hereby objects pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), and Local Rule 26(C) of the United States District Court for the Eastern District of Virginia, Alexandria Division (the "Local Rules"), to Plaintiff United States' First Set of Requests For Production of Documents to Defendant Edward Snowden (the "Requests"), as follows:

**GENERAL OBJECTIONS**

Defendant Snowden asserts the following two general objections, which are specifically applied to Plaintiff United States' individual Requests below.

1.  Defendant Snowden objects to the Requests to the extent that they seek information solely related to enforcing a future judgment, such as those requests which aim to

trace the location of Defendant Snowden's assets.  At this pre-judgment stage, discovery is only proper to the extent that it relates to liability and amount of damages under the prepublication agreements, not to future enforcement.  The law in this regard is clear:  "there is generally no right to discovery of assets until a judgment has been obtained." *Curtiembre Becas, S.A. v. Arpel Leather Corp.*, 2006 WL8446035, at *16 (M.D.N.C. Sept. 21, 2006) (quoting *FTC v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980)).  Such discovery "is typically prohibited, unless [it] is relevant to the merits or defense of a pending suit," neither of which is at issue here. *Toll Brothers, Inc. v. Gore*, 2008 WL 11344678, at *4 (N.D. W. Va. Aug. 7, 2008).

Instead, discovery of assets is properly undertaken, if at all, *after* judgment pursuant to Federal Rule of Civil Procedure 69(a)(2), which states that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person . . . ."  Discovery pursuant to that rule is "clearly predicate[d] . . . on the actual enforcement of a judgment by execution or otherwise" so pre-judgment discovery of assets is "both extraordinary and premature." *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 213 n.1 (D.S.C. 1984). If and when judgment is entered in this case, the United States will be entitled to "full discovery of any matters arguably related to the [United States'] efforts to trace the debtor's assets and otherwise enforce its judgment." *SAS Institute, Inc. v. World Programming Ltd.*, 2018 WL 1144585, at *2 (E.D.N.C. Mar. 2, 2018) (citing *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012)).  The Government's efforts to do so now are inappropriate.

2.     Defendant Snowden additionally objects to the Requests to the extent that they seek information related to speeches which were not found to be in violation of his prepublication agreements under the District Court's Order.  Mem. Op. & Order ECF No. 63.  In its order, the Court made clear that the four speeches identified by the government in its

summary judgment motion created liability under the prepublication agreements.  ECF No. 63 at 1 (noting that the government alleged in Count 2 "that Snowden breached contracts . . . when he made *certain* public speeches or remarks which included visual displays") (emphasis added); *id.* at 13 (finding liability for "each of the four speeches identified by the government").   It explained that Defendant Snowden breached his prepublication review obligations in those instances by giving speeches where he presented and commented upon slides which were marked classified.  *Id.* at 14 ("Snowden's public comments and displays, which occurred without prepublication review, breached the CIA and NSA Secrecy Agreements and their attendant fiduciary duties.").  The Court did not find Defendant Snowden liable with regard to any other speeches or any other conduct during speeches, despite the fact that the government sought to apply liability beyond the four speeches identified in its summary judgment motion and Defendant Snowden explicitly opposed the government's efforts to do so.  *Id.* at 13-14; Gov't Mot. for Summ. J. ECF No. 22, at 24 ("the United States is entitled to recover all proceeds attributable to Snowden's speeches encompassed within his prepublication review obligations"); *id.* at 25-26 ("Snowden's prepublication review obligations extend to all his speeches purporting to discuss intelligence-related matters at CIA and NSA"); Snowden Opp. to Summ. J. ECF 51, at 14 (rejecting Government's efforts to use "just four examples of Mr. Snowden's public remarks" to "establish his liability as to Count II, writ large").  Thus, the Court's holding establishes only that Defendant Snowden breached his obligations by giving those four speeches.  Discovery, then, should be limited to ascertaining damages incurred as a result of those speeches, and no further.

## **RESERVATION OF RIGHTS**

1.     Defendant Snowden's objections are based upon information now available to him and are made without in any way waiving or intending to waive but, on the contrary,

intending to reserve and reserving:  (a) the right to object on any ground at any time to a demand for any further response to the Requests or any other discovery request; and (b) the right at any time to revise, withdraw, supplement, correct, clarify or add to these objections.

2.       To the extent that Defendant Snowden does not object to a Request, he does so without conceding the admissibility, materiality or relevance of any such substantive responses.

3.       Defendant Snowden's failure to object to a Request on grounds of attorney-client, work-product, or any other applicable privilege shall not be construed as a waiver of said privileges or of Defendant Snowden's right to invoke those privileges at any time, if applicable.

## SPECIFIC OBJECTIONS TO REQUESTS

**REQUEST NO. 1**: All documents reflecting any and all gains, proceeds, profits, royalties, and other advantages or compensation you have received or may receive in the future, from any source, in connection with, in advance of, or arising from, the publication, sale, or dissemination, in whatever form, of "Permanent Record" or any version, edition, or licensed material thereof (collective referred to here as the "Book"), including any contractual or other arrangements by which such advantages have been or may be received and any accounting relating thereto.

**OBJECTION**: Defendant Snowden does not object to this Request.

**REQUEST NO. 2**: All documents reflecting any assignment or other conveyance by you to any other person of any gains, proceeds, profits, royalties, advantages, or other rights or interests in, or pertaining to, the Book.

**OBJECTION**: Defendant Snowden objects to this Request because it seeks information which is only relevant to tracing his assets for the purpose of satisfying a judgment, pursuant to General Objection 1 above and does not seek any information which is relevant to liability or damages under the prepublication agreements and as such is improper.

4

**REQUEST NO. 3**: All documents reflecting any potential or actual exercise of any subsidiary or additional rights in, or relating to, the Book, including but not limited to: graphic book rights, multimedia rights, motion picture and television rights, game rights, dramatic rights, merchandising and commercial rights, and any performance-related arrangements or compensated appearances pertaining to the Book.

      **OBJECTION**: Defendant Snowden does not object to this Request.

**REQUEST NO. 4**: All documents reflecting any arrangements, agreements or terms, whether written or oral, between you and any person assisting you in connection with the writing, negotiation, or publication of the Book, or the leveraging of rights in respect to the Book for profit, including but not limited to any agent(s), advisors (including HIM Holtzbrinck 37 GmbH, Georg von Holtzbrinck GmbH, and Macmillan Publishing Group, LLC), distributors, retailers, licensees, co-authors or other writers, regardless of whether any such persons are publicly credited as such.

      **OBJECTION**: Defendant Snowden does not object to this Request except to the extent that it seeks information which is only relevant to tracing his assets for the purpose of satisfying a judgment, pursuant to General Objection 1, above.

**REQUEST NO. 5**: All documents reflecting any gains, proceeds, profits, royalties or other advantages or compensation you have received or may receive in the future, from any source, in connection with, in advance of, or arising from, any and all speeches identified in response to Interrogatory Number 6.

**OBJECTION**: Defendant Snowden objects to this Request to the extent that it seeks information which is not relevant to his liability or damages under the prepublication agreements, pursuant to General Objection 2, above.  The United States is entitled to recovery only for the four speeches identified in the Court's order.  ECF No. 63 at 13 (finding liability for "each of the four speeches identified by the government").  Other speeches which Defendant Snowden gave are not relevant to "[a]ny matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Spendlove v. RapidCourt LLC*, 2019 U.S. Dist. LEXIS 220392, at *11 (E.D. Va. Dec. 23, 2019) (quoting *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Furthermore, any future speeches which Defendant Snowden intends to give have not violated his duties under the prepublication agreements and as such are not related to liability or remedies under those agreements.  *Medtronic Minimed, Inc. v. Animas Corp.*, 2014 U.S. Dist. LEXIS 12798, at *9 (N.D. Cal. Jan. 27, 2014) ("Plaintiffs cannot bootstrap discovery for some unrelated potential future breach of contract . . . action . . . to the current . . . action."); *see generally also Haney v. USAA Cas. Ins. Co.*, 331 Fed. App'x 223, 227 (4th Cir. 2009) (standing requires "injury in fact" which is "actual or imminent, not 'conjectural' or 'hypothetical'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

**REQUEST NO. 6**: A copy of any and all notes, outlines, or other materials that you prepared in conjunction with any and all speeches identified in response to Interrogatory Number 6.

**OBJECTION**: Defendant Snowden objects to this Request to the extent that it seeks information which is not relevant to liability or damages under the prepublication agreement, pursuant to General Objection 2, above.  The United States is only entitled to recovery for the

four speeches identified in the Court's order.  Any other speeches which Mr. Snowden gave are not relevant or discoverable.

**REQUEST NO. 7**: A copy of any and all intelligence-related materials or information that you have displayed or used, or have kept accessible for display or use, in any past or future speeches, including any materials that were marked as purportedly classified and the materials referred to in paragraphs 19-21 of your November 20, 2019 declaration, filed on the docket of this litigation at ECF No. 52-15.

    **OBJECTION**: Defendant Snowden does not object to this Request except to the extent that it seeks intelligence-related materials other than those which Defendant Snowden displayed or used in the four speeches identified in the Court's order, as such materials are not relevant to liability or damages under the prepublication agreements pursuant to General Objection 2.

**REQUEST NO. 8**: A copy of any and all audio or video recordings, or written transcripts thereof, of any and all speeches identified in response to Interrogatory Number 6.

    **OBJECTION**: Defendant Snowden objects to this Request to the extent that it seeks information which is not relevant to his liability or damages under the prepublication agreements.  The United States is entitled to recovery only for the four speeches identified in the Court's order.  Other speeches which Mr. Snowden gave are not relevant or discoverable pursuant to General Objection 2 above.

**REQUEST NO. 9**: All documents reflecting any arrangements, agreements, or terms, whether written or oral, regarding or relating to any speeches identified in response to Interrogatory Number 6, including but not limited to those between you and American Program Bureau, Inc.,

Open Mic Productions, any other bureau, agent, person, or organization that facilitated or may facilitate the speeches identified in response to Interrogatory Number 6.

**OBJECTION**: Defendant Snowden objects to this Request to the extent that it seeks information which is not relevant to his liability or damages .  The United States is entitled to recovery for the four speeches identified in the Court's order.  Other speeches which Defendant Snowden gave are not relevant or discoverable pursuant to General Objection 2 above. Additionally, Defendant Snowden objects to this Request to the extent that it seeks information related solely to enforcement of a future judgment, pursuant to General Objection 1, above. Finally, Defendant Snowden objects to the phrase "facilitated or may facilitate the speeches identified in response to Interrogatory Number 6," as it is incomprehensibly overbroad and ambiguous and may include information which is entirely irrelevant to the determination of damages under the Court's summary judgment order.

**REQUEST NO. 10**: A copy of all U.S. federal tax form W-2s (wage and tax statement) and form 1099s that you have received since January 1, 2013.

**OBJECTION**: Defendant Snowden objects to this Request to the extent that it seeks copies of such forms for years during which he did not receive compensation related to the four speeches identified in the Court's order or from the publication of *Permanent Record*.

**REQUEST NO. 11**: A copy of any tax return or equivalent that you have filed in any country, including but not limited to the United States and Russia, for the years 2013 to present.

**OBJECTION**: Defendant Snowden objects to this Request to the extent that it seeks copies of such documents for years during which he did not receive compensation related to the four speeches identified in the Court's order or from the publication of *Permanent Record*.

**REQUEST NO. 12**: All documents that you described, consulted, relied upon, referred to, or

identified, in responding to Plaintiff's interrogatories that you have not already produced.

      **OBJECTION**: Defendant Snowden does not object to this Request.


Dated: April 13, 2020                   **GIBBONS P.C.**
        Newark, New Jersey         *Attorneys for Defendant Edward Snowden*


                                       By:   /s/  Lawrence S. Lustberg       .
                                             Lawrence S. Lustberg

<u>CERTIFICATE OF SERVICE</u>

I, Lawrence S. Lustberg, Esq., hereby certify as follows:

1.      I am an attorney at law admitted *pro hac vice* to the Eastern District of Virginia, Alexandria Division, and am a Director with the firm of Gibbons P.C., attorneys for Defendant Edward Snowden in this matter.

2.      On April 13, 2020, I caused a copy of Edward Snowden's Objections to the United States' First Set of Interrogatories to be served by electronic mail on all counsel, set forth below:

JOSEPH H. HUNT
Assistant Attorney General

G. ZACHARY TERWILLIGER
United States Attorney

DAVID MORELL
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

ANTONIA KONKOLY
Trial Attorney
SERENA ORLOFF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 12024
Washington, DC 20530
Tel.:    (202) 305-8693
Fax:    (202) 616-8470
Email: antonia.konkoly@usdoj.gov

LAUREN A. WETZLER
Chief, Civil Division

Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:       (703) 299-3752
Fax:       (703) 299-3983
Email:    Lauren.Wetzler@usdoj.gov

*Counsel for the United States*

---

Victor M. Glasberg (VA Bar Number 16184)
VICTOR M. GLASBERG & ASSOCIATES
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 (phone)
(703) 684-1104 (fax)
vmg@robinhoodesq.com

Lawrence S. Lustberg (*pro hac vice*)
GIBBONS P.C.
1 Gateway Center
Newark, NJ 07102
(973) 596-4731 (phone)
(973) 639-6285 (fax)
llustberg@gibbonslaw.com

Ben Wizner (*pro hac vice*)
Brett Max Kaufman (*pro hac vice*)
Vera Eidelman (*pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500 (phone)
(212) 549-2583 (fax)
bwizner@aclu.org
bkaufman@aclu.org
veidelman@aclu.org

*Attorneys for Defendant Edward Snowden*

11

I certify under penalty of perjury that the foregoing is true and correct.


Dated:  April 13, 2020                          /s/   Lawrence S. Lustberg          .
             Newark, New Jersey                 Lawrence S. Lustberg