# EXHIBIT 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br>v.<br>EDWARD SNOWDEN, et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 19-cv-1197-LO-TCB<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: American Program Bureau, Inc., One Gateway Center, Suite 751, Newton, Massachusetts 02458

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A

| Place: U.S. Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210 | Date and Time:<br>05/11/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/30/2020

CLERK OF COURT

OR

_____          /s/ Lauren A. Wetzler
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America , who issues or requests this subpoena, are:
Lauren A. Wetzler, U.S. Attorney's Office, 2100 Jamieson Ave., Alexandria, VA 22314; (703) 299-3752

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-cv-1197-LO-TCB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:19-cv-01197-LO-TCB   Document 102-7   Filed 07/10/20   Page 4 of 11 PageID# 1454

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Pursuant to Fed. R. Civ. P. 45(a), plaintiff United States of America, through undersigned counsel, hereby requests that American Program Bureau, Inc. ("APB") produce to undersigned counsel the designated documents for inspection and copying in accordance with the instructions and definitions set forth below.

## INSTRUCTIONS

1. These document requests seek all responsive information in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, affiliates, representatives, and any other person acting for you or on your behalf.

2. No part of a document request should be left unanswered merely because an objection is made to another part of the document request. If you respond to a request for production subject to a general or specific objection, indicate whether documents have been withheld on the basis of the objection.

3. If you are able to provide some, but not all, of the documents or things requested, please provide such items as you can and identify the items that you cannot or will not produce.

4. If you assert a claim of privilege in objecting to any document request or to any part thereof, and information is withheld on the basis of such assertion, please provide sufficient information so that the Court and the parties can determine the validity of the claim of privilege. Specifically, please:

    A. identify the privilege being claimed; and

    B. provide the following information:

        1. the type of document,

2. the general subject matter of the document,

3. the date of the document, and

4. such other information as is sufficient to evaluate the assertion of privilege, including the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If, in responding to these document requests, you object on the basis of what you deem to be an ambiguity in any request, instruction, or definition, please set forth the matter deemed ambiguous and the construction used in answering.

6. If any materials responsive to these requests are no longer in your possession, custody, or control, please identify their last known location, when they were last in your possession, how they were disposed of, and the person who currently has possession, custody, or control.

7. Except to the extent expressly provided otherwise, produce all documents in the form, order, and manner in which they are regularly maintained. Produce electronically stored information ("ESI") in a reasonably usable form, and as follows for the following content: website content in html format; film or video content in Windows Media Player (.wmv) format; still images in original resolution Jpeg (.jpg) format; Excel files in native (.xls) format; computer source code in native format; and other material in text-searchable PDF format unless such PDF format would be overly burdensome or not be reasonably usable for the material at issue.

8. Notwithstanding the return address listed on the subpoena, you may serve your responses by electronic mail to antonia.konkoly@usdoj.gov and serena.m.orloff@usdoj.gov, **except that** any responsive material that purports to be marked as

classified or otherwise purports to contain classified information cannot be sent via electronic mail.  Instead, please contact the undersigned counsel to arrange for special delivery of any purportedly classified information through the United States Attorney's Office in Boston, Massachusetts.  If you choose to send other responsive materials to the address listed on the subpoena rather than by electronic mail, please alert the undersigned counsel so that they may advise the appropriate person(s) in the United States Attorney's Office in Boston, Massachusetts.  If responsive materials cannot reasonably be sent via electronic mail due to their file size or format, please contact the undersigned counsel to arrange for appropriate means of delivery.

## **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. <u>Document</u>.  The terms "document" and "documents" are intended to have the broadest permissible meaning and include, without limitation, all written, printed, typed, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds, symbols, or any combination thereof.  The term "document" includes, but is not limited to, letters, correspondence, notes, legal papers, memoranda, business records, interoffice communications, graphs, calendars, diaries, pamphlets, books, photographs, drafts, non-identical copies, as well as data stored electronically such as email, databases, spreadsheets, word processing files, image files, picture files, sound recordings, video recordings, text messages, instant messages, social media posts, magnetic impulse, computer entry, or any other form of ESI.  The term "document" or "documents" shall include all pages, attachments, and inclusions or enclosures, whether in draft or final form.  Any

"document" falling within this definition and otherwise responsive to one or more of these requests for the production of documents remains responsive—and is required to be produced in non-encrypted form—regardless of whether the document was at any prior point encrypted.

2. <u>Communication(s)</u>. The term "communication(s)" means any communication between two or more people or entities and includes, but is not limited to, statements, conversations, telephone calls, meetings, writings, letters, correspondence, notes, facsimiles, e-mails, text messages, web pages, posts on social media (such as Twitter and Facebook) and other websites, marketing statements, and exchanges or messages conducted or sent on any messaging application, including, but not limited to, Snapchat, WhatsApp, Instant Message, Slack, and Skype.  Any "communication" falling within this definition and otherwise responsive to one or more of these requests for the production of documents remains responsive—and is required to be produced in non-encrypted form—regardless of whether one or more parties to the communication encrypted the communication in the first or any instance.

3. <u>Person</u>.  The term "person" is defined as any natural person, business, firm, partnership, labor union, trust, estate, association, corporation, proprietorship, governmental body, governmental agency, or commission or any other organization or entity.

4. <u>Regarding</u>.  The term "regarding" means concerning, relating to, referring to, describing, discussing, supporting, evidencing, or constituting.

5. The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neutral form shall include each of the other genders.

## REQUESTS FOR PRODUCTION

Request for Production No. 1

All documents, including communications, reflecting any past or future speeches or speaking engagements that APB, Open Mic Productions ("Open Mic"), or any affiliates of APB or Open Mic ("Affiliates") brokered or assisted in arranging for Mr. Snowden since January 1, 2013, that are sufficient to show, for each such speech or engagement, (1) the date of the speech or engagement; (2) the person(s) or entity(ies) that commissioned the speech or engagement; (3) the actual or anticipated subject matter of the speech or engagement, including whether the speech or remarks mentioned or were anticipated to mention (a) intelligence data or activities, and/or (b) any information that is or was potentially classified or in the process of a classification designation; and (4) the amount of any gains, proceeds, profits, royalties or other advantages or compensation that Snowden received, will receive, or is owed for the engagement.

Request for Production No. 2

All documents sufficient to show the terms of any arrangements, agreements, contracts, or other understandings, whether written or oral, between APB, Open Mic, APB Affiliates, and/or Edward Snowden, regarding any past, present, or future speeches or speaking engagements performed (or to be performed) by Mr. Snowden since January 1, 2013.

Request for Production No. 3

Documents sufficient to show any hyperlinks, web addresses or websites, or other digital location(s) as to which any video recording, audio recording, or written transcription of any speech or speaking engagement encompassed by Request for Production No. 1 is, was previously, or will be available.

Request for Production No. 4

Copies of any audio or video recordings, or written transcriptions thereof, of any speeches or speaking engagements performed by Mr. Snowden since January 1, 2013.

Request for Production No. 5

Copies of all tax forms, including United States forms W-2 (wage and tax statement) and 1099, that APB, Open Mic, and/or any Affiliates have issued to Mr. Snowden since January 1, 2013 in respect to any speech or speaking engagement encompassed by Request for Production No. 1.

Request for Production No. 6

Copies of any notes, outlines, slides, visual aids, presentations (including but not limited to such digital formats as Powerpoint, google slides, or Prezi), or other written preparations or materials, whether in draft or final form, that Mr. Snowden used or prepared in conjunction with any speeches or speaking engagements encompassed by Request for Production No. 1.

Dated: May 4, 2020

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID MORRELL
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

/s/ Serena M Orloff
SERENA ORLOFF
Trial Attorney
ANTONIA KONKOLY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

        1100 L St. NW, Room 12512
        Washington, DC 20530
        Tel.:   (202) 305-0167
        Fax:   (202) 616-8470
        Email: serena.m.orloff@usdoj.gov

        */s/ Lauren A. Wetzler*
        LAUREN A. WETZLER
        Chief, Civil Division
        Assistant United States Attorney
        Office of the United States Attorney
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Tel:   (703) 299-3752
        Fax:   (703) 299-3983
        Email: Lauren.Wetzler@usdoj.gov

        *Counsel for the United States*