UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SNOWDEN,<br><br>Defendant,<br><br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC<br>d/b/a HENRY HOLT AND COMPANY, *et al.*,<br><br>Relief-Defendants. | Civil Action No. 1:19-cv-1197 (LO/TCB) |

**ORDER**

THIS MATTER is before the Court on Plaintiff United States of America's ("United States" or "Plaintiff") Motion to Seal (Dkt. 104). Plaintiff seeks to file under seal portions of Exhibits 8 and 9 to its Memorandum in Support of its Motion to Sanction Edward Snowden for His Refusal to Participate in Civil Discovery (Dkt. 102). Plaintiff filed redacted versions of the exhibits (Dkts. 102-8, 102-9), as well as unredacted, sealed versions for the Court's review (Dkts. 106-07.)

The exhibits at issue stem from parallel litigation with the American Program Bureau ("APB"), a non-party in this matter. After the United States served APB with a third-party subpoena, APB moved to quash the subpoena in the United States District Court for the District

1

of Massachusetts, and the United States cross-moved to compel partial compliance.[1] At the encouragement of the District of Massachusetts, APB ultimately produced materials subject to a Protective Order entered in that matter.

Here, Exhibit 8 contains a spreadsheet ("APB Spreadsheet") listing 67 speaking engagements by Edward Snowden and booked by APB or an affiliated entity, Open Mic Productions ("Open Mic"). For each speaking engagement, the spreadsheet lists: (1) the date of the engagement, (2) the name of the host organization who contracted for the engagement, (3) the total amount paid to APB or Open Mic for the engagement, (4) the "speaker honorarium" (*i.e.*, the amount payable to Snowden), (5) the commission payable to APB or Open Mic (their net profit), and (6) the geographic location of the engagement. APB produced an unredacted copy of the spreadsheet to the United States. But APB considers the information in categories (2)-(4) listed above—the host organizations, gross amounts paid to APB or Open Mic, payments to Snowden, and net profits—as under the scope of the Protective Order. APB accordingly redacted those categories when it filed the spreadsheet on the docket in the District of Massachusetts. The Protective Order applies to documents that "reveal proprietary, confidential, and commercially sensitive information, or information likely to cause competitive, business, or commercial injury or disadvantage to APB" and are marked as confidential by APB. (*See* Dkt. 111 at 2.)

Exhibit 9 is also a spreadsheet ("USA Spreadsheet"). After the United States received the APB Spreadsheet, it compiled a more comprehensive spreadsheet documenting the speaking engagements with APB and Open Mic, as well as other speeches the United States found through publicly available sources. Insofar as the USA Spreadsheet incorporated the redacted data from

---

[1] *Am. Program Bureau v. United States*, 1:20-mc-91250 (D. Mass).

the APB Spreadsheet, the United States also redacted that information.[2] The United States notes that "its redactions are made solely on the basis of APB's designations of the information in question as confidential, and the United States does not assert a basis for sealing any information in this spreadsheet independent of APB's own interest in confidentiality." (Dkt. 108 at 3.)

In the briefing before the Court on the United States' motion for sanctions against Snowden, the United States further outlined its position by stating:

> The United States disagrees that the name of the host organization for a given speech, as well as the amount that Snowden was paid to give the speech, are properly designated as confidential. The United States takes no position on whether the gross amount paid for the speech, or APB's net profit, have been properly designated as confidential. Because all redactions are made pursuant to APB's designations, under Local Civil Rule 5, the burden is on APB to justify the sealing and redaction of each of these categories of information.

(Dkt. 102 at 8 n.2.)

Pursuant to Local Civil Rule 5(C), because APB designated the redacted information as confidential pursuant to the Protective Order in the District of Massachusetts, APB filed a response in support of the motion to seal. (Dkts. 110-11.) APB also filed the exhibits under seal. (Dkt. 112.) On July 16, 2020, Snowden filed a responsive pleading noting that he did "not oppose the Government's Motion to Seal." (Dkt. 109.)

Under common law, there is a strong presumption towards the public's right of access over district court dockets. *See, e.g.*, *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances."). District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court

---

[2] In terms of the redacted categories listed above, the USA Spreadsheet only contains the host organizations and the "speaker honorarium."

filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Upon consideration of the filings before the Court and Exhibits 8 and 9, the Court makes the following findings.

First, Plaintiff provided proper notice of the request to seal and interested parties have been given a reasonable opportunity to object. Under Local Civil Rule 5(C), because over seven (7) days have elapsed since Plaintiff filed the motion to seal and public notice, and no interested party has objected, the Court may treat this motion as uncontested. (*See* Dkts. 104-05; L. Civ. R. 5(C).) Accordingly, Plaintiff satisfies this requirement under the Local Civil Rules and *Ashcraft*.

Second, the Court has considered less drastic alternatives to sealing. Here, APB and the United States narrowly redacted information in the two spreadsheets and have not attempted to seal the exhibits completely. This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) "[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).

Finally, the Court finds reason to seal portions of the redacted information, but not all of it. APB argues that the exhibits contain "confidential and sensitive business information which if disclosed would harm APB's competitive standing" because the information "is essential to APB's ability to negotiate and set competitive prices." (Dkt. 111 at 3.) The Court agrees with APB's position as to the (1) gross amount paid to APB or Open Mic for the speaking

4

engagement (under the column labeled "Gross" in the APB Spreadsheet) and (2) the commission payable to APB or Open Mic (under the column labeled "APB Net" in the APB Spreadsheet). The Court finds that public disclosure of this information could competitively harm APB and/or Open Mic when setting competitive pricing for future speaking engagements.

On the other hand, the Court finds that the (1) name of the host organization who contracted for the speaking engagement (under the column labeled "Client" in the APB Spreadsheet) and (2) the payments Snowden received (under the column labeled "Speaker honorarium" in the APB Spreadsheet) are not properly designated as confidential and should not remain sealed.[3] First, Snowden did not object to the public disclosure of the payments he received, and APB gives no persuasive or specific justification why those amounts should be sealed. Second, APB did not justify in its response why the names of the entities that engaged Snowden to speak should be sealed. The Court must therefore find that there are no strong competing interests that outweigh the presumption of the public's right of access.

Accordingly, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motion to Seal (Dkt. 104) is **GRANTED IN PART** and **DENIED IN PART**;

(2) Docket numbers 106 (unredacted Exhibit 8 filed under seal) and 112 (same) shall remain permanently under seal;

(3) The Clerk shall **UNSEAL** docket number 107 (unredacted Exhibit 9 filed under seal); and

---

[3] Because these latter two categories are the only redacted categories in the USA Spreadsheet, the Court will unseal the USA Spreadsheet in its entirety.

5

(4) The United States shall **REFILE** Exhibit 8 pursuant to this Order (redacting only the "Gross" and "APB Net" columns and leaving unredacted the "Client" and "Speaker honorarium" columns) within seven (7) days of the date of this Order.

ENTERED this 7th day of August, 2020.

                                                       /s/
                               THERESA CARROLL BUCHANAN
                               UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia