IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>EDWARD SNOWDEN,<br><br>*Defendant,*<br>and<br><br>MACMILLAN PUBLISHING GROUP, LLC d/b/a HENRY HOLT AND COMPANY, et al.,<br><br>*Relief-Defendants.* | Civil Action No. 1:19-cv-1197<br>Hon. Liam O'Grady |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**
**AGAINST DEFENDANT EDWARD SNOWDEN**

Plaintiff United States filed the above-captioned lawsuit against Defendant Edward Snowden, based on his publication of a book entitled Permanent Record (Count One of the Amended Complaint, or the "Permanent Record claim"), and certain paid, intelligence-related speaking engagements (Count Two of the Amended Complaint, or the "speeches claim") without first seeking prepublication review by the Government for a determination of whether the disclosures contained classified information. *See generally* Am. Compl., Dkt. No. 15, ¶¶ 109-22. The United States alleged that these disclosures violated the terms of Secrecy Agreements that Snowden signed with the Central Intelligence Agency ("CIA") and National Security Agency ("NSA"), which provided that prior to making disclosures regarding or based upon classified or purportedly classified information or his intelligence work for the agencies, he would comply with the prepublication review requirements set forth in his non-disclosure agreements. *Id.* The

1

First Amended Complaint seeks declaratory and injunctive relief, and the recovery of all proceeds earned by Snowden from these unauthorized intelligence-related disclosures. *See* Am. Compl., Prayer for Relief ¶¶ (A)-(J).

On October 23, 2019, the United States moved for partial summary judgment on the issue of liability. Snowden opposed that motion on grounds that, *inter alia*, the Secrecy Agreements did not apply to his public remarks, and that he should have been permitted discovery with regard to the meaning of the Secrecy Agreements and as to certain potential defenses prior to any ruling on the Government's motion for summary judgment. On December 17, 2019, the Court granted the United States' motion for summary judgment as to Snowden's liability as to both the *Permanent Record* claim and the speeches claim. *United States v. Snowden*, No. 1:19-CV-1197, ___ F. Supp. 3d ___, 2019 WL 8333546 (E.D. Va. Dec. 17, 2019). Specifically, the Court held that "there is no genuine dispute of material fact that Snowden publicly disclosed the type of information and materials . . . in *Permanent Record* and his speeches" that his Secrecy Agreements required to be submitted for prepublication review, and that therefore "the Government is entitled to summary judgment on both Counts." *Id.* at *6. The Court then entered a scheduling order governing discovery on the scope of the relief to which the Government is entitled on its claims.

Snowden declined to participate in discovery, and on August 7, 2020, the Court granted the United States' motion for sanctions. Dkt. No. 20. Specifically, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(ii), and in consequence of Snowden's refusal to participate in civil discovery in this matter, the Court entered an order:

- Prohibiting Snowden from introducing, at any stage of this case, any rebuttal evidence relating to his compensation for Permanent Record;

- Deeming all information set forth in the spreadsheet furnished to the United States by Snowden's speaker's bureau American Program Bureau ("APB" and the "APB spreadsheet," respectively), as established facts for purposes of this action;

- For every speech or speaking engagement for which Snowden is liable to the United States under Count Two, but for which the United States lacks evidence of how much Snowden was paid, deeming as established that Snowden was paid his median speech earnings, as calculated by the subset of speeches documented in the APB spreadsheet;

- Prohibiting Snowden from introducing, at any stage of this case, any evidence relating to whether any given speech referred to intelligence-related activities of the CIA or NSA, materials that purport to be classified, or information that is or was in the process of a classification determination; or whether during the speech Snowden displayed any material that was marked and purported on its face to be classified; and how much Snowden was paid for each speech; and

- For the subset of speeches as to which the United States has been unable to locate any public recording or transcription, deeming as established that in at least 31% of them he displayed slides or other visual aids purporting to depict or be based upon classified information.

Dkt. No. 120 p. 12–13.

In lieu of time-consuming and expensive summary judgment motion practice based upon the above-described orders on liability and discovery sanctions, and notwithstanding the parties' ongoing disagreement as to the correctness of the Court's underlying liability determination, as a result of which Snowden has reserved his right to appeal therefrom, the parties nevertheless agree upon the scope and nature of relief if the liability determination is affirmed, and accordingly stipulate to the following Final Judgment and Permanent Injunction Against Defendant Edward Snowden:

It is hereby **ORDERED, ADJUDGED, and DECREED** that:

(1) The Defendant has breached his contractual and fiduciary obligations to the CIA and the NSA by publishing *Permanent Record* and giving prepared remarks within the scope of his prepublication review obligations without first submitting those preparations to the CIA and/or the NSA for prepublication review and obtaining written authorization for the disclosures.

(2) A constructive trust for the benefit of the United States is hereby imposed over any and all monies, gains, profits, royalties, and other financial advantages derived by the Defendant, at any time, from the sale, serialization, adaptation, republication rights in any form, television or movie rights, and other distribution for profit, of the work entitled *Permanent Record*.

(3) The Defendant shall relinquish to the United States any and all monies, gains, profits, royalties, and other financial advantages derived by him, at any time, from the sale, serialization, adaptation, republication rights in any form, television or movie rights, and other distribution for profit of *Permanent Record*, which to date total $4.2 million.

(4) The Defendant, his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment and Permanent Injunction through personal service or otherwise, are hereby permanently enjoined from disbursing or agreeing to disburse any monies, gains, profits, royalties, or other financial advantages derived from the sale, serialization, adaptation, republication rights in any form, television or movie rights, and other distribution for profit of *Permanent Record* to anyone other than the United States. Any and all such monies, gains, profits, royalties, and other financial advantages derived from the sale, serialization, adaptation, republication rights in any form, television or movie rights, and other distribution for profit of *Permanent Record* shall be paid to the United States.

(5) A constructive trust for the benefit of the United States is hereby imposed over the monies, gains, profits, royalties, and other financial advantages derived by the Defendant from his presentation of the 56 speeches listed in Addendum A, attached hereto, each of which the Court finds was made in contravention of the terms of his Secrecy Agreeements and fiduciary

obligations, and for which the Court finds that Snowden was compensated in the corresponding amounts also listed in Addendum A.

(6)     The Defendant shall relinquish to the United States an aggregate amount of $1,027,800 for his presentation of the speeches listed in Addendum A.

(7)     The Defendant, his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment and Permanent Injunction through personal service or otherwise, are hereby permanently enjoined from disbursing or agreeing to disburse any monies, gains, profits, royalties, or other financial advantages that would otherwise flow to the Defendant from the presentation of the speeches listed in Addendum A to anyone other than the United States. Any and all such monies, gains, profits, royalties, and other financial advantages derived from the presentation of speeches listed in Addendum A that would otherwise flow to the Defendant shall be paid to the United States.

(8)     All payments to be made under this Final Judgment shall be made in accordance with instructions and procedures provided to Defendant by counsel for the United States from the Department of Justice, Civil Division, Federal Programs Branch.

(9)     The Defendant, his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment and Permanent Injunction through personal service or otherwise, are hereby permanently enjoined from further breaching the terms and conditions of the Defendant's Secrecy Agreements and his fiduciary duties to the CIA and NSA, including by publishing further written works, or giving further speeches or prepared remarks, that are within the scope

of the Defendant's prepublication review obligations without first completing the prepublication review process and obtaining written permission to make the disclosures.

(10) This Final Judgment and Permanent Injunction becomes an Order of the Court on the date it is approved by the Court.

(11) If any provision of this Final Judgment and Permanent Injunction is determined to be invalid or unenforceable for any reason, then such provision shall be treated as severed from the remainder of the Final Judgment and Permanent Injunction and shall not affect the validity and enforceability of all of its other provisions, as long as such severance does not materially change the parties' rights and obligations.

(12) This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Final Judgment and Permanent Injunction.

(13) Each of the parties to this Final Judgment and Permanent Injunction shall bear its/his own fees and costs for proceedings to date.

It is **SO ORDERED.**

September 29, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge